HAVENS, receiver, &c. *vs.* HEALY.

Where, by the terms of a deed or instrument creating a trust, the trustee, after the death of the grantor and the payment of her debts and funeral charges, was to divide the residue of her money in hand, equally among her three children Joshua M., John and Sophia, but was to keep the share of Joshua M. in trust, for his benefit, and to pay it to him in small sums for the support of himself and family, or otherwise, as the trustee should decide, or for a home to be kept in trust for Joshua M.; *Held*, that Joshua M. took a beneficial interest in the fund itself, and not merely in the income; and that such interest was assignable by the *cestui que trust*, and would pass to assignees under bankrupt and insolvent acts, and was liable to be reached by a creditor's bill.

CASE agreed upon by the parties, pursuant to section 372 of the code of procedure. Upon proceeedings supplementary to execution before Hon. George Humphrey, county judge of Cayuga county, in favor of Joseph Moore, plaintiff, against Joshua M. Bidlock, defendant, Dexter E. Havens was appointed "receiver of all debts, property, equitable interests, rights and things in action of said Joshua M. Bidlock, on the 16th day of January, 1852. The supplementary proceedings were commenced January 6th, 1850, upon judgments rendered September 15, 1848, for $101,50, upon contract. The judgment debtor, Joshua M. Bidlock, was a man of family, having a wife and six children; and a very intemperate man, and had no property exempt from execution, except what he derived, if any, from Mary Bennett, his deceased mother, and which is the property in question, in this case, and was specified in an instrument, of which the following is a copy: "Know all men by these pres-

ents, that whereas J. M. Healy, of the town of Sennett, has in his possession my money in trust, as agent, to loan and pay over to me when called for. Now, therefore, this is to certify, that, provided I do not call for my money in my lifetime, I hereby grant and convey, in trust, the same to the said Healy, for the purposes hereinafter contained, and first to pay my funeral charges, and all just claims against me, and second to divide the remainder equally among my three children, Joshua M., John and Sophia, except as hereinafter noticed; and in case either child should die before such distribution, to such child or children, as the case may be; the exception alluded to as above, is with regard to the share belonging to my son Joshua, which share I hereby authorize said Healy to keep in trust, for the benefit of my son Joshua, and to be paid to him in small sums, for the support of himself and family, or otherwise, as said Healy shall decide, or for a home to be kept in trust for said Joshua. And further, I hereby grant and convey in trust to said Healy, all my personal property in my dwelling house, that I now occupy in Sennett, or otherwise, to be taken possession of at my decease, and to be divided as above, equally among my children. Given under my hand and seal, this 29th day of August, 1851.

her<br>
MARY  &times;  BENNETT." [L. S.]<br>
mark.

In presence of Charles C. Adams.

On the back of said writing, was indorsed the following, viz.: "We, the heirs of Mary Bennett, within named, hereby agree to abide by the conditions of the within instrument, and consent that the said John M. Healy shall execute the same as therein specified and directed. Witness our hands and seals.

JOSHUA M. BIDLOCK. [L. S.]<br>
JOHN BIDLOCK.     [L. S.]"

John M. Healy, the defendant, was present when the above written instrument was executed, and the same was then delivered to said Healy, who accepted and entered upon the trust. Mary Bennett died about the middle of December, 1851, without having called for her money in her lifetime, and leaving from five hundred to seven hundred dollars worth of personal property

in the hands of the defendant Healy, under said writing, without having made any will, and leaving her three children, Joshua M., John and Sophia, her only heirs at law surviving. The receiver claimed the one-third of the property mentioned in said writing, being Joshua M.'s portion thereof, for the benefit of his judgment creditors, which right the defendant denied, and claimed to hold the same as trustee under said writing, and claimed, in any event, his costs and expenses of the trust and of these proceedings, out of the same.

*J. Porter,* for the plaintiff. I. The trust created by Mary Bennett, by the instrument in writing set forth in the case, in favor of Joshua M. Bidlock, as to that portion of the fund directed to be held and paid by the defendant for the support of him and his family, is void; because the trust would not necessarily cease, and the fund vest absolutely, at the termination of not more than two lives in being at the date of said instrument. (1 *R. S.* 773, §§ 1, 2; *p.* 723, §§ 14, 15. *Boynton* v. *Hoyt*, 1 *Denio,* 53. *Hawley* v. *James,* 16 *Wend.* 61, 120, 121, 171, 172. 4 *Kent's Com.* 283. 9 *Barb.* 346.) The instrument is not a will, and of course the two lives must be in being at its date. There is no reference in the instrument to any lives, except by implication to the termination of her own life, when she speaks of the trustees paying her personal charges, and after that, dividing the remainder. The trust is "for the benefit of my son Joshua, and to be paid to him in small sums for the support of himself and family." The trust, to be valid, must terminate with two lives in being, and the two lives must be designated by the donor, and he must give *express directions* for the termination of the trust. There are no such directions in this instrument, for the vesting of the absolute ownership of the property. If we assume that her life and that of her son Joshua are the two lives to be taken, still there is a want of all directions as to the time when the absolute ownership shall commence.

II. The donor has not defined the time, or times, at which the trust fund shall be paid to the donees, nor the amount to be paid

them at any time; nor has he specified who are, or shall be the donees; but instead of so doing, he has left all to the discretion of the trustee; and therefore the trust is void. The language of the trust is, "for the support of himself (that is, Joshua,) and family, or *otherwise as said Healy shall desire;* or for a home, to be kept in trust for said Joshua." In addition to there being no limitation as to lives, it is given for the support of Joshua, his wife and six children, unless the trustee shall otherwise desire; if so, then to be bestowed at his discretion. If the words " or otherwise" shall be deemed to apply to the amount to be paid at any one time for the support of the family; still the trust is void, for the reason that the donor has not expressly designated the persons or objects of his gift, and when the trust shall cease.

III. The trust deed authorizes the trustee to pay out from time to time, the *principal* of the fund, for the support of Bidlock and family; it is therefore void. (1 *R. S.* 773, § 2; 728, § 55, *sub.* 3.)

*S. A. Goodwin,* for the defendant. I. The receiver in this case acquired no title to the property in the hands of Healy, the trustee. (1.) The trust is legal and valid. The revised statutes have not attempted to define the objects for which express trusts of personal estate may be created; they may therefore be created for any purpose which is not illegal. In all other respects, however, *except as to the mere vesting of the legal title to the property in the trustee, instead of the cestuis que trust,* the conveyance or bequest of personal estate must be governed by the same rules which are applicable to a grant or devise of a similar interest in lands or real property. (*Gott* v. *Cook,* 7 *Paige,* 524, 534; *affirmed,* 24 *Wend.* 641. *Depeyster* v. *Clendining,* 8 *Paige,* 305.) (2.) The well settled construction of the revised statutes, and legal analogies as adopted by the old court of chancery, authorize such a trust as is here created in personal property and the income thereof inalienable by the *cestuis que trust,* and not liable to be reached by creditors, upon a creditor's bill. (*Hallett* v. *Thompson,* 5 *Paige,* 583. *Degraw* v. *Clason,* 11 *Id.* 136. *Bryan* v.

*Knickerbacker,* 1 *Barb. Ch. R.* 409. 1 *R. S.* 729, §§ 57, 63. *Id.* 773, §§ 2, 4. *Id.* 723, § 10.) (3.) The trust deed must be entirely defeated, by the plaintiff's construction. It directs the estate to be paid out in small sums for the support of Bidlock and family, and in such manner as the trustee shall decide, leaving that matter entirely in the discretion of the trustee. There was, therefore, by the terms, no vested interest in Bidlock in any given sum, but *the family, a wife and six children* had an equal interest in the grantor's bounty. There was nothing which Bidlock could sell or assign to another, and consequently nothing which a creditor could reach. (2 *R. S.* 174, § 38. *Cases under sub.* 2.) (4.) The trust in this case proceeded from a third person and not from the judgment debtor. In such case the transaction is not only outside of the statute of frauds, (2 *R. S.* 135,) but it is within the exception of the statute in regard to creditors' bills. (*Id.* 174, § 38.) The code of procedure has not changed the rights of the parties in this respect; and the property here being necessary for the support and maintenance of the *cestuis que trust,* is not subject to the claim of Joshua Bidlock's creditors. (*Id.* 174, § 38. 1 *Id.* 729, §§ 57, 63. *See cases under* §§ 1, 2. *Code,* §§ 298, 544.) II. If the trust deed from Mrs. Bennett should for any reason be deemed invalid, no title could vest in Bidlock as heir, because the property in such case vests only in the executor or administrator. (*Williams on Executors,* 449. *Dayton's Law of Surrogates,* 68. 2 *R. S.* 82, § 6.) III. The trustee is entitled to his costs, &c. out of the fund. (2 *Barb. Ch. Prac.* 328, *and cases cited.*)

*By the Court,* JOHNSON, J. I think it is clear that Joshua M. Bidlock was the substantial owner of the trust fund in the hands of the defendant.

By the terms of the deed or instrument by which the trust, such as it was, was created, the defendant, after the death of Mrs. Bennett, and the payment of her debts and funeral charges, was to divide the residue of her money, in his hands, equally among her three children, Joshua M., John and So-

phia, but was to keep the share of Joshua M. in trust, for his benefit, and to pay it to him in small sums, for the support of himself and family or otherwise, as the defendant should decide, or for a home to be kept in trust for him, the said Joshua.

There is no question here of the suspension of the ownership of the fund for any particular period by way of limitation or condition, as it is perfectly obvious that the design of the person creating the trust was that the fund itself should all be paid to the *cestui que trust* or for his benefit during his life. It has no analogy to a case where a fund is created, and the income of the fund only is to be paid by the trustee to the *cestui que trust*, the ownership of the fund in the meantime being suspended.

In such case the beneficial interest of the *cestui que trust* is in the income, and not in the fund, and he has no power to alienate or charge the fund. But here the beneficial interest is in the fund itself, and the only limitation upon the right of the *cestui que trust* is the discretion of the trustee as to the amount to be paid from time to time, and the manner of expending the fund for the benefit of such beneficiary.

Such an interest has always been held to be assignable by the *cestui que trust*, and to pass to assignees under bankrupt and insolvent acts, and liable to be reached by a creditor's bill. (*Bryan* v. *Knickerbacker*, 1 *Barb. Ch.* 409. *Degraw* v. *Clason*, 11 *Paige*, 136. *Hallet* v. *Thompson*, 5 *Id.* 583.) The cases of *Green* v. *Spicer*, (1 *Russ. & Myl.* 395;) *Piercy* v. *Roberts*, (1 *Myl. & K.* 4;) and *Snowden* v. *Dales*, (6 *Sim.* 524,) have been repeatedly sanctioned by our courts as containing the true rule, and are decisive of this case.

. The incidents of property are inseparable from the beneficial interest of the *cestui que trust* in the fund in the plaintiff's hands, and the fund must be held to have passed to the plaintiff upon his appointment as receiver of the property and credits of Joshua M. Bidlock.

The provisions of the revised statutes do not touch this case. The defendant must therefore be decreed to pay over to the plaintiff, as receiver, the fund so held in trust by him.

A reference is ordered, to ascertain the amount remaining in his hands. All other questions reserved till the coming in of the report.