WILLIAM SPENCER, Trustee, *vs.* HARRY T. GREENE *et als.*

A testatrix by her will directed her testamentary trustee, as soon as conveniently might be after the decease of all her brothers and sisters, to make certain sales and investments, and to "pay a moiety of the residue of said proceeds of sale to and among the children of my deceased sister, M. B. G., and the children of any deceased children of my said sister M., in equal shares if more than one, as among brothers and sisters, and so that the children of deceased children shall take only the share which their respective parents would have taken if living."

*Held*, that J., a son of M. B. G., took a vested estate, the only uncertainty being the time when he would receive it in possession.

*Held*, further, that this vested estate passed under an assignment made by said J., a resident of New York, pursuant to an order of court in that State, in proceedings supplemental to a judgment against him.

BILL OF INTERPLEADER.

*June* 3, 1892.   STINESS, J.   The complainant, as trustee under the will of James A. Aborn, late of Providence, deceased, brings this bill for instructions in regard to the payment of the trust fund now in his hands for distribution.   The clauses of the will involved in this inquiry are as follows: —

" *Sixth*.   And I direct that, as soon as conveniently may be after the decease of all my said brothers and sisters, the trustee for the time being of my will shall sell my estate at the corner of Dyer and Pine streets, in said Providence, now occupied by Waldron & Wightman, and out of the net proceeds thereof to invest the sum of five thousand dollars in real estate in said Providence, and stand possessed thereof, together with my estate situate on the east side of Dyer Street, in said Providence, now occupied by Robert Pettis, in trust, to pay the net rent and income thereof to my niece, Mary B. Simmons, during her natural life, and, on her decease, in trust for her son, the said Arthur A. Simmons, and his heirs; but if the

said Arthur should die without issue living at his death, then in trust for the persons who are to take the residue of said proceeds of sale next hereinafter mentioned.

"*Seventh.* I direct the trustee for the time being of this my will to pay a moiety of the residue of said proceeds of sale to and among the children of my deceased sister, Mary B. Greene, and the children of any deceased children of my said sister Mary, in equal shares if more than one, as among brothers and sisters, and so that the children of deceased children shall take only the share which their respective parents would have taken if living."

Charles B. Aborn, trustee under the will, and last survivor of the testator's brothers and sisters, died May 2, 1890. The complainant was appointed his successor in trust, and sold the estate on Dyer and Pine streets, in Providence, and now holds a balance of proceeds of such sale, a portion of which is claimed by each of the defendants, Harry T. Greene and William S. Keily. One claims that the defendant, John L. Greene, a resident of New York, son of Mary B. Greene, sister of the testator referred to in the will, after the death of Charles B. Aborn, and after the sale of the real estate mentioned, to wit, January 16, 1891, sold and transferred all his right and title and interest in the distributive share of the proceeds of said sale to the defendant, Harry T. Greene, who now claims the right to receive the same under said transfer. The other claim is made by the defendant, William S. Keily, of New York, who claims under an assignment made to him by said John L. Greene, September 27, 1879, by order of court under the laws of New York, in supplementary proceedings upon a judgment against said John L. Greene, which assignment conveyed all the real estate, property, equitable interests, things in action, and effects to him belonging on the first day of July, A. D. 1879, wheresoever situated, except those exempt from execution by statute.

The first question to be considered is the nature of the gift to John L. Greene.

The defendant, Harry T. Greene, contends that it was a mere contingent, naked possibility, without an interest, dependent upon his surviving Charles B. Aborn ; citing *Watson* v. *Woods*, 3 R. I. 226 ; and *Bailey* v. *Hoppin*, 12 R. I. 560.

The defendant, Keily, contends that it was a vested interest which passed under the assignment to him. We think the latter contention is correct. In *Watson* v. *Woods* the devise was to trustees during the life of the testator's daughter, and after her decease to her children and their issue in the same manner as they would have taken if the estate had been devised to the daughter and her heirs; with remainder over in case there should be no such children or their issue. The court held the intention of the will to be that the estate did not go to the children as heirs, but to such persons as should be heirs of the daughter at the time of her death; and hence that the children did not take a vested but contingent interest. *Bailey* v. *Hoppin* was of the same character.

These cases rest upon the familiar rule that the heirs of a living person cannot be determined until his death, and hence a remainder so limited is a contingency. Fearne on Remainders, § 385. But they are quite distinguishable from the case at bar. Here the gift is absolute to the children of Mary B. Greene, who had died before the will, as among brothers and sisters, with no remainder over. The fund was provided for in the will; the persons who were to receive it were living and designated at the death of the testator; and, if they outlived Charles B. Aborn, it was certain they would receive the legacy. The only uncertainty was the time when they would be entitled to receive it. But the fact that a legatee may die before the time of payment does not prevent the legacy from vesting, any more than in an ordinary case where a legacy is payable at the end of a year from the death of the testator. Futurity is not annexed to the substance of the gift, but only to the time of payment. It was a present right to a future enjoyment.

In such cases the legacy vests immediately. *Staples & Pearce, Trustees,* v. *De Wolf et als.* 8 R. I. 74; *Rogers* v. *Rogers,* 11 R. I. 38; *Pond* v. *Allen,* 15 R. I. 171. See, also, *Meakings* v. *Cromwell,* 5 N. Y. 136; *Freeman* v. *Smith,* 60 How. Pr. 311; *Elliott* v. *Fisher,* 12 Sim. 505.

The next question is, whether the legacy passed to the assignee under the assignment of September 27, 1879. Of this we think there can be little doubt. All of the defendants were and are residents in the State of New York. We do not understand that there is any dispute that a simple vested legacy would pass by the

assignment, under the law of New York, and, if so, that the law of the owner's domicil must prevail. See *Noble* v. *Smith*, 6 R. I. 446.

In this State, in *Brown* v. *Williams*, 5 R. I. 309, a bequest of bank shares in trust for testator's daughter during her life, and in case of her death without issue to two grandchildren of the testator, was held to vest an interest in the grandsons immediately upon the death of the testator, which, upon the death of one of the grandsons during the life of the daughter, passed under his will to his wife, so as to entitle her to an account of the moiety of the stock, upon the death of the daughter without issue. But the defendant, Harry T. Greene, contends that this fund was in the hands of a trustee, under a trust created by a person other than the debtor, and so the assignee cannot maintain an action to recover it. In the cases to which he refers, a principal sum was held by a trustee, the income of which only was to be paid to the debtor, and the question at issue was, whether the assignment carried the present and future surplus above a fair amount for his support.

In *Williams* v. *Thorn*, 70 N. Y. 270, reviewing preceding cases, it was held that it did carry such surplus. But this is a very different question from that here presented. Here the principal sum itself vested in the debtor. It is only held in trust pending the life estate, upon the determination of which it is payable to the debtor absolutely. We do not think, therefore, that this case is within the class of cases referred to. Neither is the case like those which hold that subsequently acquired property does not pass under the assignment. The title to the fund in question was in the debtor at the time of the assignment, although the time when it should become due and payable had not then arrived. Our opinion is, that the interest of John L. Greene passed to his assignee, William S. Keily, under the assignment of September 27, 1879, and the complainant is instructed to make payment accordingly.

*Charles P. Robinson*, for complainant.

*Samuel T. Douglas & Henry B. Whitman*, for respondents, Harry T. Greene and John L. Greene.

*Darius Baker*, for respondent, Keily.