## LAWRENCE et al. v. PEASE.

(Supreme Court, General Term, Second Department. December 12, 1892.)

PROCEEDINGS SUPPLEMENTARY TO EXECUTION AGAINST A TRUSTEE.

Where a trust has been so far performed that the fund is payable directly to the cestui que trust by the trustee, the fund may be reached to satisfy a judgment against the cestui que trust by proceedings supplementary to execution against the trustee under Code Civil Proc. § 2432, subd. 3, authorizing such proceedings against a person who has property in his hand belonging to the judgment debtor.

Appeal from special term, Westchester county.

Action by William F. Lawrence and another against Frederick L. Pease. Plaintiffs had judgment, and in proceedings supplementary to execution James M. Hunt, trustee under the will of Rosena Pease, deceased, in whose hands was money belonging to defendant as legatee, was ordered to pay the judgment from such money, from which, and an order denying a motion to vacate the same, defendant appeals. Affirmed.

Pursuant to an order under Code Civil Proc. § 2432, subd. 3, providing for proceedings supplementary to execution by "an order, made after the issuing, and either before or after the return, of an execution, against a person who has property of the judgment debtor, or is indebted to him," James M. Hunt made deposition, dated May 14, 1892, as follows:

"I am an attorney and counselor at law, and reside at Yonkers, New York. I am well acquainted with Frederick L. Pease, the defendant and judgment debtor above named, and I am a trustee under the will of Rosena Pease, deceased, the mother of said Frederick L. Pease. By and under the terms of the will of said Rosena Pease, the care and maintenance of Josephine A. Pease, a daughter of the testatrix, was made a first charge upon the income from the estate; and, after the expenses of maintaining her were met, the trustees were directed to divide and pay the balance of income remaining in their hands equally to and between Caroline C. Lindsley and said Frederick L. Pease annually. The trustees are about to render their account, and there is now in their hands about one thousand dollars, subject to the division above mentioned, and of which said Frederick L. Pease, under the terms of the will, would receive one half. I cannot state the exact amount, but it is very near $1,000 which will be divided. The precise amount cannot be certainly ascertained until the entry of the decree in the accounting above mentioned, proceedings for which have already been begun."

Afterwards an order was made that defendant and James M. Hunt show cause, if any, why said Hunt should not be required to pay plaintiffs the amount of their judgment against defendant, with interest, and costs of the proceeding, etc. At the hearing on the return of such order, May 28th, it appeared by affidavit of plaintiffs' attorney that a decree had already been entered in the surrogate court authorizing Hunt, as executor and trustee, to pay to defendant the sum of $716.80, as his share of the income of said estate. Thereupon Hunt was ordered to pay plaintiffs' judgment from the funds in his hands belonging to defendant.

Argued before BARNARD, P. J., and PRATT, J.

L. B. Bunnell, for appellant.

Millard C. Ernsberger, for appellees.

PRATT, J. The order of May 28th, requiring payment to the judgment creditor, was justified by the papers before the court. Nothing in the testimony tended to show that the title to the fund was in the trustee, or that it was not properly subject to the proceeding. The order as made was therefore proper. The application upon further papers to vacate the order of May 28th was addressed to the favor of the court, and was properly denied. The judgment debtor had enjoyed his day in court, and, under the circumstances of the order being executed, a rehearing would not have been in the interest of justice. It must not be inferred that we think a rehearing would have changed the result. On the contrary, we are of opinion that upon the fresh papers the same decision would have been made. Order affirmed, with $10 costs and disbursements.