Murphy v. Busick.

---

MURPHY ET AL. *v.* BUSICK ET AL.

[No. 2,774.   Filed April 21, 1899.]

EXECUTION.—*Supplementary Proceedings.—Executors.*—An executor is required to answer in proceedings supplementary to execution, under section 831 Burns 1894, as to funds in his hands belonging to a legatee who is the judgment debtor.   *pp. 248, 249.*

SAME.—*Supplementary Proceedings.—Executors.—Courts.*—An executor is required to answer as to funds in his hands belonging to a legatee in proceedings supplementary to an execution issued from the court of another county.   *pp. 248-250.*

SAME.—*Supplementary Proceedings.—Complaint.—Decedents' Estates.*—A complaint in a supplementary proceeding, to reach a legacy of the judgment debtor in the hands of an executor, is not bad for failing to allege that the estate is solvent and that a year had elapsed since the issuance of letters testamentary.   *pp. 250, 251.*

From the Pulaski Circuit Court.   *Reversed.*

*M. W. Hopkins* and *R. T. MacFall,* for appellants.

*Oliver H. Bogue,* for appellees.

COMSTOCK, J.—Appellants instituted proceedings supplementary to execution, under sections 828-831 Burns 1894, sections 816-819 Horner 1897, against appellee Allen G. Busick and his codefendants and appellees, Oliver H. Bogue, James I. Robertson, and Kate M. Busick, executors of the last will of Joseph Busick, late of Wabash county, Indiana, deceased.   The court sustained the demurrer of the executors, and appellants refusing to plead further, judgment was rendered against them.   The only error assigned is the sustaining of the demurrer.

The complaint alleges that appellants are the owners of a judgment against Allen G. Busick for $307.32; that appellee Busick lived in Wabash county at the time the judgment was rendered; that execution was issued to the sheriff of

Wabash county, and returned "No property found;" that Busick afterwards removed to and resided in Pulaski county; that appellants had execution issued to the sheriff of Pulaski county, and that it is now in his hands unsatisfied, and that Busick has no property upon which it may be levied; that the judgment is unpaid, and not appealed from, and that Busick has certain personal property, rights, and credits which he unjustly refuses to apply to the payment of the same, to wit, a certain bequest of $1,000 made by Joseph Busick, the testator of appellees Bogue, Robertson, and Kate W. Busick, by item fourteen of his last will, which reads as follows: "I hereby will and devise to Allen G. Busick of Winamac, Indiana, the sum of one thousand dollars ($1,000), and direct my executors to pay the sum to him in cash as one of my obligations;" that said executors have said sum of $1,000 in their possession and control; that it is of the value of $1,000, and that said bequest, together with other property of Allen G. Busick, exceeds the amount exempt from execution. The prayer is for an order requiring appellees to answer concerning said bequest, and that it be paid to the clerk of the court to be applied upon the judgment of appellants. The judgment defendant appeared and answered, but made no defense, and the court found in favor of appellants against him, and adjudged that he be prohibited from selling, assigning, or transferring his interest in said bequest.

As stated by appellants in their brief, two questions are presented for the determination of the court: "(1) Can an executor be required to answer in proceedings supplementary to execution as to funds in his charge belonging to a legatee? (2) If an executor can be required so to answer, can an executor appointed by and acting under the direction of the Wabash Circuit Court be called upon to answer in the Pulaski Circuit Court?" We are of the opinion that both of these questions must be answered in the affirmative. In matters connected with the administration of an estate requir-

ing the instructions and direction of the court, an executor is under the exclusive jurisdiction of, and answerable only to the court whose officer he is, and to which he reports; but, when the settlement of the estate can not be delayed or interfered with by the action of another court, the reason ceases for denying such other court jurisdiction. The complaint before us does not seek to interfere with the administration of the estate, but asks that money be paid to the appellants instead of Allen G. Busick. In support of the first proposition, we cite *Lawrence v. Pease*, 21 N. Y. Supp. 223; *Bacon v. Bonham*, 27 N. J. Eq. 209; *Hardenburg v. Blair*, 30 N. J. Eq. 42, 64; *Wells v. Ely*, 11 N. J. Eq. 172; *Lynch v. Utica Ins. Co.*, 18 Wend. 236; *Hallett v. Thompson*, 5 Paige Ch. 583; *McArthur v. Hoysradt*, 11 Paige Ch. 495; *Ross v. Clussman*, 3 Sandf. 676; *Havens v. Healy*, 15 Barb. 296; *Rand v. Rand*, 78 N. C. 12; *Spencer v. Greene*, 17 R. I. 727, 24 Atl. 742.

We are not advised that the second question has been directly passed upon by the Supreme Court of this State. We are not, however, without decisions in point by other courts. In *Spencer v. Greene*, 17 R. I. 727, an estate was in the hands of executors in process of settlement. Greene was one of the legatees. Proceedings supplementary to execution were had in the state of New Jersey, and by a judgment of the New Jersey court "all the real estate, property, equitable interests, things in action, and effects to him (Greene) belonging on the 1st day of July, 1887, wherever situated, except those exempt from execution by statute," were assigned by operation of law to one Keily to apply upon a judgment. A contest arose as to the right to the interest of Greene, and the complainant (an executor) brought a proceeding for instructions in regard to the payment of funds in his hands. The court directed the payment to be made to Keily. The court said: "The only uncertainty was the time when they would be entitled to receive it. But the fact that a legatee may die before the time of payment does not prevent the

legacy from vesting, any more than in an ordinary case when a legacy is payable at the end of a year from the death of the testator. Futurity is not annexed to the substance of the gift, but only to the time of payment. It was a present right to a future enjoyment."

In *Bank* v. *Northrop*, 19 S. C. 473, money owing by a corporation to an execution debtor had been turned over to the master of the court by the receiver of the corporation. The order for the application of the money was made by a court other than the one in which the receivership was being administered, and other than the one in which the master acted. The court ordered the money in the hands of the master belonging to the defendant applied to the satisfaction of the judgment. To this order the execution debtor excepted, stating reasons therefor. The second reason stated is: "(2) Because his honor, W. W. Wallace, had no jurisdiction of the subject-matter of this action, it being in the custody of the court, and otherwise exempt from process." The court said: "It is said that the money, being in the hands of the master, is in custody of the court itself, and could not be reached by these proceedings. This money was in the hands of James Connor, receiver of the Greenville & Columbia Railroad Co., who owed it to the defendant, Northrop, and in whose favor it had been adjudged. When the receiver was discharged, pending the litigation, the money was deposited with the master as matter of convenience, and, for the purposes of this case, must be considered as still in the hands of the receiver as a debtor of Northrop. There is no attachment here seeking a lien, but the question is simply as to the proper application of the money under supplementary proceedings. We think it a mistake to suppose that the money is in *custodia legis* in such sense as not to be subject to the order of the court." The foregoing cases are not cited as binding authority, but as instructive upon the question, and are approved by this court.

Having concluded that the action will lie, and that the

Murphy *v.* Busick.

Pulaski Circuit Court had jurisdiction, the remaining question to be determined is whether the complaint states a cause of action. Counsel for appellees urge as a reason for the insufficiency of the complaint several facts which would properly be matters of defense, but which do not appear in the complaint. Among other reasons thus urged, it is pointed out that the complaint does not state facts showing that a year has elapsed since the issuance of letters testamentary, nor that the estate is solvent, and that it does not, therefore, appear that the execution debtor has any claim upon the legacy. It is true that no final distribution nor final settlement of a decedent's estate can be made until after the expiration of one year from the issuance of letters testamentary or of administration. *Fleece* v. *Jones*, 71 Ind. 340, and cases there cited. It is also true that legacies are subject to the debts of the estate, and for this reason an executor is entitled to their possession. But these facts are matters of defense. Section 819 Horner 1897, reads: "After the issuing or return of an execution against the property of the judgment debtor, or any one of several debtors in the same judgment, and upon an affidavit that any person or corporation has property of such judgment debtor, or is indebted to him in any amount, which, together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law, such person, corporation, or any member thereof, may be required to appear and answer concerning the same, as above provided." The averments of the complaint comply with the requirements of the statute, and are sufficient to put appellees upon answer. Whether appellants are entitled to the application of the legacy, or any part of it, to the payment of their judgment, and the time when entitled to such application, must depend upon the facts proved on the final hearing as to the legacy and the condition of the estate. The judgment is reversed, with instruction to overrule appellees' demurrer to the complaint.