## BOGUE ET AL. *v.* MURPHY ET AL.

[No. 3,449. Filed November 12, 1901. Transfer denied June 6, 1902.]

APPEAL AND ERROR.—*Record.*—*Assignment of Error.*—Where the record shows a trial and finding, specifications of error based upon the alleged action of the court in rendering judgment on the pleadings will not be considered. *p. 294.*

SAME.—*Motion for Change of Venue.*—*Assignment on Appeal.*—Where a motion to change the venue from the judge was filed after the cause was submitted, the ruling of the court thereon should be presented for review on appeal by specification in motion for new trial, and not by separate assignment. *p. 294.*

From Pulaski Circuit Court; *G. W. Beeman,* Judge.

Proceeding supplementary to execution by John W. Murphy and others for the purpose of reaching a legacy in the hands of Oliver H. Bogue and others, executors of the will of Joseph W. Busick. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*W. G. Sayre, O. H. Bogue, H. A. Steis, M. M. Hathaway* and *M. Winfield,* for appellants.

*M. W. Hopkins* and *R. T. MacFall,* for appellees.

HENLEY, J.—This was a proceeding supplementary to execution commenced by appellees for the purpose of reach-

Bogue *v.* Murphy.

ing a legacy of $1,000 in the hands of the appellants, who are the executors of the will of Joseph W. Busick. The legacy belonged to Allen F. Busick, against whom appellees held a judgment. This is the second appeal in this cause. For opinion upon the former appeal see *Murphy* v. *Busick,* 22 Ind. App. 247, 72 Am. St. 304. The question presented by the first appeal arose upon the action of the trial court in sustaining the demurrer of the executors to the complaint. This court held the complaint good, and reversed the decision of the trial court. Appellants filed two verified answers to the complaint. The record then shows that "this cause coming on for hearing upon the verified complaint of plaintiffs and the verified answers of the defendants, Oliver H. Bogue, James I. Robertson, and Kate M. Busick, a jury is waived, and the cause is now submitted to the court for trial, orders, and judgment, and the same is heard by the court and argument of counsel is had thereon." At this stage of the proceedings, appellants interposed a motion to change the venue from the judge trying the cause. This motion was overruled, and judgment rendered against appellants. Appellants filed a motion for a new trial, assigning as reasons, (1) that the finding of the court is not sustained by sufficient evidence; (2) that the finding is contrary to the evidence; (3) that the finding is contrary to law. This motion the trial court overruled.

It is assigned as error, "(1) · The court erred in sustaining appellees' motion for a judgment against these appellants upon the original and supplementary complaint and answers; (2) the court below erred in rendering judgment against these appellants upon the pleadings filed in said cause; (3) the court below erred in rendering judgment in favor of the appellees, except Busick, against appellants; (4) the court erred in making finding and judgment against these appellants without evidence and upon the pleadings in the cause; (5) the court erred in disregarding appellants' answers and rendering judgment

against them; (6) the court erred in overruling appellants' motion and affidavit for a change of venue from the court, and denying appellants a change of venue; (7) the court erred in refusing the application of appellants for a change of venue from the court."

The record, as it comes to us, shows that the judgment rendered against appellants was upon a trial and finding, and not upon a motion or upon the pleadings, and this disposes of the first, second, and fourth specifications of the assignment of errors, without passing upon the questions of practice raised by counsel for appellees. The third and fifth specifications are in substance alike, and present no question to this court. The sixth and seventh specifications are in substance alike, and present no question, because they should be assigned, with a few exceptions, as reasons for a new trial, and the case does not come within the exception. *Bement* v. *May,* 135 Ind. 664; *Scanlin* v. *Stewart,* 138 Ind. 574. It will be observed that appellants have not complained of the action of the trial court in overruling their motion for a new trial.

The record, as it comes to us, does not present any available error. Judgment affirmed.