## RHINEHALT *v.* RHINEHALT.

[No. 10,324. Filed April 23, 1920.]

1. APPEAL.—*Assignment of Error.—Motion for New Trial.—Change of Venue.*—The assignment as error of a refusal to grant a change of venue presents no question, since any error in such ruling must be presented in a motion for new trial. p. 213.

2. DIVORCE.—*Children.—Orders for Maintenance.—Proceedings to Modify.—Change of Venue From Judge.*—Section 422a Burns 1914, Acts 1913 p. 314, authorizing a change of venue from the judge, applies to a proceeding by petition and cross-petition by former husband and wife, each praying for the modification of an order made against the husband in connection with a decree of divorce, for weekly payments to the wife for the support of a child, and is without any conflict with or

change in the force of §1084 Burns 1914, §1046 R. S. 1881, since the jurisdiction over the child remains in the same court. p. 213.

From St. Joseph Superior Court; *T. D. Mott,* Judge.

Proceeding by Landon B. Rhinehalt for modification of an order of weekly payments for child, entered in decree of divorce; and cross-petition by Emma B. Rhinehalt for modification and increase of such order. From the judgment rendered, the former appeals. *Reversed.*

*William P. O'Neill* and *Ronald S. O'Neill,* for appellant.

*Charles L. Metzger* and *Isaac Kane Parks,* for appellee.

ENLOE, J.—On July 10, 1916, the appellee brought an action for divorce against appellant in the St. Joseph Circuit Court, and such proceedings were thereafter had in said cause that the venue thereof was changed to the St. Joseph Superior Court, where a trial was had July 17, 1917, resulting in a decree granting a divorce to the appellee, and awarding her the care and custody of Geraldine M. Rhinehalt, minor child of said parties, and in an order against the appellant to pay the sum of ·$2 per week, for the use of appellee, for the support and keeping of said child.

On November 5, 1917, appellant filed his petition asking for a modification of said order as to the payments to be made for the support of said child. On March 6, 1918, the appellee appeared to said petition, filed her answer thereto, and also filed her cross-petition, asking that said order as to the payments to be made by appellant for the support of said child be modified, by increasing the amount thereof from $2 to $6 per week, and alleging changed condition of the respective parties.

Thereupon appellant filed his verified motion for a

change of venue from the judge of said court, which motion was by the court denied, and to which action of the court appellant duly excepted.   Thereupon the judge of said court proceeded, over the objection of appellant, to hear and determine the matters in controversy, and to make further order in said cause concerning the amount to be paid by appellant for the support of said child, by increasing said amount from $2 to $5 per week.

Appellant duly filed his motion for a new trial, alleging as a reason therefor error in overruling his motion for a change of venue, which being overruled he prosecutes this appeal and has assigned as error the action of the court (1) in overruling his motion for change of venue; (2) overruling his motion for a new trial.

The first assigned error presents no question, as the matter of error in refusing to grant a change of venue must be presented in a motion for a new trial, as

1. was done by appellant herein.   *Wilson* v. *Johnson* (1895), 145 Ind. 40, 38 N. E. 38, 43 N. E. 930; *Bogue* v. *Murphy* (1902), 29 Ind. App. 292, 61 N. E. 957.

There is no question as to said motion for change of venue being in proper form, or that it did not state a good cause for such change under our statute.

2. The question presented is, Does the statute authorize a change of venue from the judge under the circumstances disclosed by this record?

In 1913 the legislature enacted §422a Burns 1914 (Acts 1913, ch. 122, p. 314).   This act is entitled, "An Act concerning change of venue from any judge in certain matters not triable by a jury, and declaring an emergency."   The act provides:   "That when any matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affi-

davit showing any one or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions. And the presiding judge shall make an appointment of a special judge to hear such case in the manner provided by law for changes of venue in civil action."

The affidavit for change of venue in this case alleged as cause therefor the "bias and prejudice" of the presiding judge of said court, and was sufficient to entitle the appellant to the change sought. The above section of the statute in no way conflicts with, or changes the force of, §1084 Burns 1914, §1046 R. S. 1881. The jurisdiction over the said child still remains in the same court. It simply authorizes a change as to the judge who shall hear and determine the matters in controversy. The case of *Julian* v. *Julian* (1916), 60 Ind. App. 520, 111 N. E. 196, and other cases cited and relied upon by appellee, are not controlling as to the question presented in this appeal.

The court erred in denying said motion for change of venue, and the cause is therefore reversed, with directions to the court to set aside the judgment rendered herein, to sustain appellant's said motion for a change of venue, and for further proceedings.