STATE of Indiana, ex rel. Olive P.
WADE, Relator,

v.

The CASS CIRCUIT COURT and the Honorable T. Michael Smith, as Special Judge Thereof, Respondents.

No. 1282S488.

Supreme Court of Indiana.

April 26, 1983.

Courtney B. Justice, Logansport, for relator.

Kelly Leeman, Leeman & Associates, Logansport, for respondents.

ORIGINAL ACTION

GIVAN, Chief Judge.

This Court granted relator's petition for alternative writ of mandamus and prohibition on December 15, 1982.

The controversy arises from a marital dissolution occurring in May, 1979. Relator was granted custody of two minor sons borne to the marriage. On May 18, 1982, relator's ex-husband filed a "Petition to Reinstate Surname of Children to That of Natural Father" in respondent court. From an affidavit filed by relator, we glean the minor children requested they be allowed to use the relator's maiden name of Wade rather than their father's surname, Schmaltz. According to the affidavit, the children's use of the name Wade extended to social security records, bank accounts, school and social functions. Relator filed a motion for change of judge on May 27, 1982. Respondent erroneously denied the motion stating it was not timely filed. On October 10, 1982, relator filed a petition for modification of support and motion for change of judge. On October 17, 1982, respondent set a hearing date, December 15, 1982, on both petitions.

Thereafter, relator filed an objection to setting the matter for a hearing and a petition for a stay of proceedings. On December 3, 1982, respondent judge denied relator's motion for a change of judge and stay as to the proceedings initiated by the petition to reinstate the natural father's surname. The stay was granted as to the petition for modification of support only. The relator filed her petition for alternative writ of mandamus and prohibition with this Court.

Trial Rule 76, Indiana Rules of Trial Procedure, provides the procedure for exer-

cising the right to a change of venue from the county or the judge. Trial Rule 76(1) reads:

"(1) In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of any unverified application or motion without specifically stating the ground therefore by a party or his attorney."

However, the right to a change of venue from the county or judge is a substantive right which can be conferred only by the legislature. *State ex rel. Blood v. Gibson Circuit Court,* (1959) 239 Ind. 394, 157 N.E.2d 475; *K.B. v. S.B.,* (1981) Ind.App., 415 N.E.2d 749.

Indiana Code 34–2–12–1, the statute which confers the right, reads in pertinent part:

"When any matter of a civil, statutory, or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one or more of the reasons named in the statutes · of this state. authorizing changes of venue from the judge in civil actions . . . ."

■ In *K.B. v. S.B., supra,* the Court of Appeals concluded the trial court correctly granted a motion for change of judge. The moving party had petitioned for modification of visitation rights subsequent to a dissolution decree. The Court of Appeals stated at·757:

[14] The language of IC 34–2–12–1 is quite broad. It does not require the matter to be a new civil action as K.B. contends. Instead, it confers the right to a change of judge in *any matter* of a civil, statutory, or equitable nature. Matters of a·statutory nature within the meaning of IC 34–2–12–1 have been held to include an action for divorce, *McDaniels v. McDaniels,* (1945) 116 Ind.App. 322, 62 N.E.2d 876, *trans. den.,* and a proceeding to modify support payments. *Rhinehalt v. Rhinehalt,* (1920) 73 Ind.App. 211, 127 N.E. 10. We hold that such matters also include a proceeding to modify visitation· rights, for such a proceeding is statutory in nature and is not triable by a jury. K.B.'s contention that the continuing jurisdiction of the trial court in custody and visitation cases prevents any change of judge is without merit. As Judge Enloe stated in *Rhinehalt, supra,* 73 Ind.App. at 214, 127 N.E. at 11: 'The jurisdiction over the said child still remains in the same court. It simply authorizes a change as to the judge who shall hear and deter-·mine the matters in controversy.' "

In the case at bar, relator had a right to a change of judge. Respondent erroneously denied relator's motion for a change of judge.

■ When presented with a timely motion for a change of judge, the trial judge is divested of jurisdiction to act in the case on any matter other than the motion for change of judge or emergency matters. *Justak v. Bochnowski,* (1979) Ind.App., 391 N.E.2d 872.

We are unpersuaded by respondent's proposition that a change of venue from the county and a change of judge be treated alike in post-dissolution proceedings. We believe the reasoning expressed in *Rhinehalt, supra,* as quoted in *K.B. v. S.B., supra,* is sound.

The order granting relator's petition for alternative writ of mandamus and prohibition is hereby made permanent.

All Justices concur.