Anthony TROJNAR, Appellant–Respondent,

v.

Carole TROJNAR, Appellee–Petitioner.

No. 45A05–9502–CV–35.

Court of Appeals of Indiana.

Oct. 10, 1995.

Stephen Bower, Cohen & Thiros, Merrill-ville, for Appellant.

Nels A. Kompier, Law Office of C. Jerome Smith, Hammond, for Appellee.

### OPINION

BARTEAU, Judge.

Anthony Trojnar appeals the trial court's judgment denying his request for change of judge and denying his petition for modifica-

---

1. Pursuant to Ind. Appellate Rule 7.2(A)(3)(c) a statement of the evidence of proceedings was

tion of child support. Because we conclude he was entitled to a change of judge, we need not decide whether the petition to modify was erroneously denied.

### DISCUSSION

Carole Trojnar filed a petition for dissolution of marriage in the Lake Superior Court on July 6, 1988. The matter was set for a final hearing on December 9, 1988, at which time the following occurred: [1]

Respondent [Anthony] appeared in person and with counsel, Richard Wolter. Neither the Petitioner [Carole] nor her counsel appeared. The Petitioner, by counsel, previously filed a Motion for Continuance of the Final Hearing on December 8, 1988, alleging the failure of Respondent to provide income verification which was requested by the Petitioner on November 8, 1988. The Respondent objected to Petitioner's Request for Continuance and thereafter, Judge Pro Tem, Edward Grimmer, Respondent's counsel Richard Wolter and Petitioner's counsel, Nels A. Kompier engaged in telephonic conference as follows:

EDWARD GRIMMER: Nels, this is Ed Grimmer. I am Judge Pro Tem today. I see you are set for a final hearing and I see you filed a Motion for Continuance yesterday, based upon Mr. Trojnar failing to provide verification of his earnings. Rich Wolter is here objecting to the continuance and he wants to proceed. Frankly, I am inclined to deny your request for a continuance.

\*    \*    \*    \*    \*    \*

RICH WOLTER: Judge, that's right—we do owe them income verification and, Nels, I can have that to you in one week. But what I would like to do is get this over with at that time, but we may not get anymore hearing time in here for several weeks. What I have asked the Judge to consider is whether he would consent to stay on as a Special Judge so we can go ahead and submit our final to him.

approved by the trial court for the proceedings held on December 9, 1988.

EDWARD GRIMMER: I will agree to do that if you don't object to the late request for Change of Judge.

NELS KOMPIER: That's fine with me.

EDWARD GRIMMER: I'll show that the Petitioner's Request for a Continuance is denied and that the Respondent moves for a change of Judge. By agreement, I will continue to assume jurisdiction as Special Judge.

R. 173–74.

On August 29, 1989, Judge Grimmer entered the judgment dissolving the marriage, providing for the distribution of marital property, and providing for the custody, visitation, and support of the minor child. This order was modified by Judge Grimmer on August 26, 1992, increasing the amount of child support Anthony had to pay. On January 19, 1994, Anthony filed a petition to modify the support order and a motion for change of judge. Judge Grimmer denied the motion for change of judge and subsequently denied Anthony's motion for modification of support.

Anthony argues that he was entitled to a change of judge. Ind. Trial Rule 76(B) states:

In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the judge. *After a final decree is entered in a dissolution of marriage case, a party may take only one change of judge in connection with petitions to modify that decree, regardless of the number of times new petitions are filed.* The Rules of Criminal Procedure shall govern proceedings to enforce a statute defining an infraction.

(Emphasis added). The underlined language of the rule was added in 1991 to T.R. 76(1), which section was designated T.R. 76(B) in 1992.

■ At issue here is whether a change of judge before a final decree is issued in a dissolution of marriage proceeding precludes a change of judge in connection with a petition to modify that decree. Anthony argues that although Ed Grimmer became special judge prior to entering a final decree, he did not become special judge pursuant to T.R. 76, and thus Anthony should not be charged with that change of judge. We disagree. The portion of the record set out above clearly shows that Anthony requested a change of judge from the regular judge of the Lake Superior Court in order to avoid a delay in getting a final decree. It does not matter that he did not file a written motion for change of judge. Motions made during a hearing need not be in writing. T.R. 7(B). Nor does it matter that the time for an automatic change of judge had passed. Carole waived any objection she might have made and agreed to the appointment of Grimmer as special judge. Anthony has been granted one change of judge pursuant to T.R. 76(B). The question is whether he is entitled to another one.

■ Prior to the 1991 amendment to T.R. 76(B), caselaw made it clear that a change of judge under T.R. 76 was allowed in a proceeding to modify a divorce decree. *State ex rel. Wade v. Cass Circuit Court* (1983), Ind., 447 N.E.2d 1082; *Taylor v. Chaffin* (1990), Ind.App., 558 N.E.2d 879; *K.B. v. S.B.* (1981), Ind.App., 415 N.E.2d 749. Trial Rule 76 provides the method and time of exercising the right to a change of venue from the county or the judge; however, the right to a change of venue from the county or judge can be conferred only by the legislature. *Wade,* 447 N.E.2d at 1082–83; *Taylor,* 558 N.E.2d at 881; *K.B.,* 415 N.E.2d at 756. Indiana Code 34–2–12–1 confers that right.

The language of IC 34–2–12–1 is quite broad. It does not require the matter to be a new civil action as K.B. contends. Instead, it confers the right to a change of judge in *any matter* of a civil, statutory, or equitable nature. Matters of a statutory nature within the meaning of IC 34–2–12–1 have been held to include an action for divorce ... and a proceeding to modify support payments. *Rhinehalt v. Rhinehalt,* (1920) 73 Ind.App. 211, 127 N.E. 10.

*Wade,* 447 N.E.2d at 1083 (quoting *K.B.,* 415 N.E.2d at 757) (emphasis by *K.B.* court).

Thus, I.C. 34–2–12–1 confers a right to a change of judge in a divorce proceeding and a separate and distinct right to a change of judge in a proceeding to modify a divorce decree. Our Supreme Court, through T.R. 76, has limited the I.C. 34–2–12–1 entitlement to a change of judge such that a party may have only *one* change of judge. However, nothing in the language of T.R. 76(B) suggests that the one-change limit encompasses both the pre-final divorce decree proceedings and the post-final decree modification proceedings. In fact, the additional language added to the rule in 1991 suggests just the opposite. Having limited the right to a change of judge to only one in civil actions, while recognizing that a post-divorce decree modification proceeding carried a separate and distinct right to a change of judge, our Supreme Court apparently was concerned with limiting the number of changes of judge in connection with modification proceedings, separate and distinct from other civil actions, including the original divorce proceeding.

We reject Carole's argument that the language merely indicates that a party "may elect to utilize that single change of judge at the post-decree level or at the decree level ..." Appellee's Brief, p. 10. To interpret the language of the rule as argued by Carole would take away the right conferred by the legislature to a change of judge in both the pre-decree dissolution proceeding and post-decree dissolution proceedings. Further, the amended language would be mere surplusage if the language of the rule already limited a party to one change of judge throughout the original divorce action and any modification proceeding. Words and clauses in a statute or rule are to be treated as surplusage only if no other construction is possible. *Baker v. State* (1985), Ind.App., 483 N.E.2d 772, 774, *reh'g. denied, trans. denied.*

Trial Rule 76 contemplates that a party may have one change of judge in connection with a dissolution proceeding prior to entry of a final decree, as conferred by I.C. 34–2–12–1, and one change of judge in connection with proceedings to modify that decree, also as conferred by I.C. 34–2–12–1. A party's change of judge pre-final decree does not preclude that party from exercising its right to one more change of judge in connection with modification proceedings. Anthony is entitled to one change of judge in connection with the modification proceedings. His motion for change of judge filed with his motion to modify support on January 19, 1994, was the first change of judge he requested in connection with modification proceedings. Thus, the trial court should have granted the motion.

We reverse the judgment of the trial court denying Anthony's motion for modification of support because the trial court was without jurisdiction to act on that motion, *Wade,* 447 N.E.2d at 1083 (when presented with timely motion for change of judge, the trial judge is without jurisdiction to act in the case other than to rule on the motion for change of judge or emergency matters), and we remand with instructions to grant Anthony's motion for change of judge.

REVERSED.

SHARPNACK, C.J., and KIRSCH, J., concur.