## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 10 2019, 5:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher P. Phillips
Phillips Law Office, P.C.
Monticello, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffery C. Sharp,<br>*Appellant-Respondent,*<br><br>v.<br><br>Shiela D. Scott<br>(f/k/a Shiela D. Sharp),<br>*Appellee-Petitioner.* | January 10, 2019<br><br>Court of Appeals Case No.<br>37A03-1711-DR-2632<br><br>Appeal from the Jasper Circuit Court<br><br>The Honorable Rex W. Kepner,<br>Special Judge<br><br>Trial Court Cause No.<br>37C01-1410-DR-874 |

**Mathias, Judge.**

[1]     Jeffery Sharp ("Husband") appeals the Jasper Circuit Court's denial of his motion for change of judge. Concluding that Husband was not entitled to a change of judge, we affirm.

## Facts and Procedural History

[2] Husband's and Shiela Sharp's ("Wife") marriage was dissolved in 2015. In its distribution of the marital assets, the trial court awarded Wife exotic wood owned by the parties. Upon sale of the wood, Wife was ordered to pay the parties' joint tax debt. The remaining balance, if any, was to be divided 60% to Wife and 40% to Husband.

[3] Before their marriage was dissolved, the parties' business, Sharp Electric, sold exotic wood to Bradley Crum ("Crum") for $5,000. During the dissolution proceedings, the parties submitted evidence that the wood had a value of approximately $186,000. Tr. pp. 7–9, 39. In its order dividing the parties' marital assets, the trial court found:

> The above division takes into consideration the fact that the Wife received a gift of $90,000.00 in land value from her father that she used to obtain real estate for the parties. But more importantly, it also takes into consideration that the husband attempted to and perhaps did sell some of the exotic wood owned by the parties. It remains unclear how much of the wood is missing. Per the testimony of the parties, this wood has a value of around $200,000.00 or more. In the event the wood is missing and not attainable by the Wife, then all the taxes due and owing to both the State and Federal Government shall be paid solely by the Husband.

Appellant's App. p. 10.

[4] On August 10, 2017, Wife filed a motion to enforce the court's order concerning the distribution of the parties' assets. Wife stated that Crum refused to allow her to take possession of the wood in his possession and that he was

attempting to hide or dispose of the wood. Wife also alleged that Husband refused to assist with obtaining the wood in Crum's possession. On August 15, 2017, the trial court granted Wife's motion and ordered that

> upon presentation of the Court's Order of October 28, 2015 to any law enforcement official having jurisdiction over Bradley Crum to render any and all assistance allowing her to obtain possession of all of the wood in Bradley Crum's possession at his residence or any other location that he may have moved the wood to in order to carry out the Court's Order of October 28, 2015.

Appellant's App. p. 13.

[5] Thereafter, Crum filed a motion to intervene and requested that the trial court enter a stay of its October 28, 2015 order dividing the parties' marital assets and the August 15, 2017 order. In his motion, Crum argued that he was a bona fide purchaser and submitted proof of payment for the wood. Wife objected to Crum's petition to intervene in the dissolution proceeding.

[6] On September 11, 2017, Husband filed a motion for automatic change of judge pursuant to Trial Rule 76(B). Wife objected to Husband's motion and argued that the motion was not proper under Rule 76(B) because neither of the parties requested a modification of the dissolution decree.

[7] The trial court held a hearing on all pending motions on October 12, 2017. At the hearing, Crum agreed to return the wood to Wife in exchange for $5,000, the same amount he paid for it. The trial court reiterated that any balance remaining over $5,000 after the sale of the wood would be split 60/40 in favor

of Wife. Appellant's App. p. 32. Husband's motion for change of judge was implicitly denied as the trial court continues to rule on motions filed in the proceedings, including Husband's request that the trial court stay its October 17, 2017 order enforcing the dissolution decree.[1] Husband now appeals the denial of his motion for change of judge.

## Standard of Review

Wife has not filed an appellee's brief, and therefore, we need not undertake the burden of developing an argument on her behalf. *See Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Rather, we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *Id.* Prima facie error in this context is defined as, "at first sight, on first appearance, or on the face of it." *Id*.

## Discussion and Decision

Pursuant to Indiana Trial Rule 76(B), in a civil action, a party is entitled to one change of judge. However, "[a]fter a final decree is entered in a dissolution of marriage case or paternity case, a party may take only one change of judge in connection with petitions to modify that decree, regardless of the number of times new petitions are filed." *Id. See also In re Marriage of Turner v. Turner*, 785 N.E.2d 259, 261 (Ind. Ct. App. 2003) (quoting *Trojnar v. Trojnar*, 656 N.E.2d 287, 289–90 (Ind. Ct. App. 1995) (explaining that Trial Rule 76(B) allows for

---

[1] The trial court granted Husband's motion to stay pending appeal.

"one change of judge in connection with a dissolution proceeding prior to entry of a final decree ... and one change of judge in connection with proceedings to modify that decree."). "Accordingly, the right to a change of judge in connection with a petition to modify must be viewed prospectively, inasmuch as that right is derived from the newly-filed petition and does not relate back to pending matters." *Id*. at 262.

On the other hand, "[t]he judge who presided at trial should rule on post-trial motions because 'parties are entitled to have issues determined by the judicial entity hearing the evidence and observing the demeanor of the witnesses.'" *Id*. (quoting *Vehslage v. Rose Acre Farms, Inc.*, 474 N.E.2d 1029, 1033 (Ind. Ct. App. 1985)). This policy is memorialized in Trial Rule 63(A), which provides in pertinent part:

> The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded.

*See also Turner*, 785 N.E.2d at 262 (quoting *Bailey v. Sullivan*, 432 N.E.2d 75, 76 (Ind. Ct. App. 1982) (explaining that "'[t]he principal behind Trial Rule 63 is obviously that a judge who has directed a trial is, if available, the best person to rule on post-trial motions"). In sum, a party does not have the right to file a change of judge motion with every type of post-decree petition. *See Linton v. Linton*, 166 Ind. App. 427, 430, 339 N.E.2d 96, 97 (1975) (holding that a party

was not entitled to change of judge in post-decree proceeding relative to contempt citation).

[11] In this case, the motion pending before the trial court was not a motion to modify the divorce decree. The pending matters before the court were post-decree motions to enforce distribution of the parties' asset and a motion to intervene filed by Crum who had possession of and a monetary interest in the parties' asset. These motions related back to issues adjudicated in the final decree. Moreover, the trial court did not modify its distribution of the parties' asset, i.e. the exotic wood, in its October 17, 2017 order. For all of these reasons, we conclude that Husband was not entitled to a change of judge under Trial Rule 76(B), and we therefore affirm the judgment of the trial court.

[12] Affirmed.

Bailey, J., and Bradford, J., concur.