KISER *v.* WINANS *et. al.*

PRACTICE.—Under the general plea of payment, in an action to revive a judgment, evidence of payment of the debt before the rendition of the judgment would not be admissible.

PLEADING.—Application in 1860 for an execution on a judgment rendered in 1842, which had been revived in 1847, against *A*, one of the judgment defendants, the other having died before that time. *A* answered by way of cross-complaint to the application, that he was only surety for the deceased defendant *B*, in the cause of action on which said judgment was rendered, and that *B* had actually paid said judgment in his lifetime, and the judgment plaintiff had fraudulently assigned it to the plaintiff herein, and that at the time of the revival of the judgment in 1847, he did not know of any evidence by which he could prove the payment, and was not able, by the use of due diligence, to discover any, and but recently did discover such evidence, and was preparing to institute proceedings to have said judgment satisfied of record, when the application herein was filed. *Held*, that said answer was good, as an equitable defence against the application of the plaintiff.

APPEAL from the *Allen* Circuit Court.

HANNA, J.—The appellees moved the Court, at the *May* term, 1860, for an execution against the property of the appellant, upon a notice which set forth that, on the 10th of *August*, 1842, in said county, one *Druses Nichols* recovered a judgment against one *Comparet* and said appellant; that said judgment was afterwards assigned to one *Winans*, now deceased, and of whose estate appellees were appointed administrators in 1849; that on the 27th of *June*, 1847, said judgment was revived against said appellant, said *Comparet* having departed this life.

The notice was demurred to and the said demurrer overruled. Thereupon an answer of four paragraphs was filed. 1. Denial. 2. Payment. 3 and 4. Set up at length the fact

that judgment had been recovered, and the circumstances leading to the belief that *Comparet* paid said judgment before he died, which was in 1845; and charges that he did so pay it, and that *Nichols* fraudulently assigned it; that said *Kiser* was a surety only in the note upon which the judgment was originally obtained; that at the time of said revival, in 1847, he did not know of any evidence by which he could prove the payment of said judgment; nor was he able after the exercise of due diligence to discover any; that he but recently. discovered said evidence, and was preparing to institute proceedings, &c., when the notice was served, &c. The facts are set up by way of cross-complaint, and relief prayed, &c. These two paragraphs were sworn to. To them a demurrer was sustained. On the trial the defendant offered to prove the payment by *Comparet* before his death; the evidence was excluded, and perhaps properly, under the issues as they stood, as under a simple plea of payment, it may be that evidence of payment before the rendition of the judgment should not have been received. But the demurrer was wrongfully sustained to the third and fourth paragraphs of the answer. One of the first causes for granting a remedial writ of injunction, and among the most ordinary, is to stay proceedings in courts of law. Eden on Injunctions, pp. 1, 2; 1 Mad. Ch. Pr. 106. That a judgment is not conclusive, in equity, as to payments made before its rendition, but the evidence of which was not then available after the use of the utmost diligence. See 2 Story's Eq., § 879. Under the code our pleadings assume the forms of chancery proceedings.

It is not clear that the ruling on the demurrer to the notice was right, as such notice did not state that the judgment was not paid, except as in the affidavit accompanying it, nor state how much of it was due. See *Bennett* v. *Wainwright*, 16 Ind. 211; *Price* v. *The Grand Rapids, &c., R. R. Co.*, 13 Ind. 58. But however this may be, the record professes to contain all

the evidence, and there was none upon the point of the amount due upon said judgment, other than the record of said judgment and the affidavit upon which the notice was based. As to this, see authorities last above cited.

*Per Curiam.*—The judgment is reversed, with costs.  Cause remanded.

