Filed April 16, 1891.

---

No. 28.

JASEPH *v.* SCHNEPPER.

CHANGE OF VENUE.—*Motion to Issue an Execution.*—Upon a motion to issue an execution upon a judgment, either party is entitled to a change of venue from the judge, upon filing the proper affidavit; and it is error to refuse it.

From the Spencer Circuit Court.

*A. Gilchrist, C. A. De Bruler, H. M. Logsdon* and *H. Kramer,* for appellant.

*D. B. Kumler,* for appellee.

NEW, J.—The appellant, Simeon Jaseph, who was the

plaintiff below, by his motion in writing, filed in the circuit court, asked leave that execution be issued on a judgment of which he was the assignee, more than ten years having elapsed since the issuing of execution thereon.

The appellee was served with notice, appeared and answered in three paragraphs; a general denial, payment, and accord and satisfaction.

The appellant replied by a general denial.

It is shown by a bill of exceptions appearing in the record, that at the proper time the appellee moved the court for a change from the judge, supporting the motion by affidavit as required by law. The motion was sustained, exception taken and another judge called, who, after hearing the evidence, found for the appellee, with judgment for costs.

The appellant moved the court for a new trial, which motion was overruled and exception taken. The overruling of the motion for a new trial is assigned by the appellant as error. Of the reasons assigned for a new trial, those discussed are that the court erred in granting a change of judge, and that the evidence was not sufficient to sustain the finding.

Was it error in the trial court to grant a change of judge?

The motion of the appellant for leave to have execution issued was made under the following section of the act of April 7th, 1881, " concerning proceedings in civil actions ":

"After the lapse of ten years from the entry of judgment or issuing of an execution, an execution can be issued only on leave of court, upon motion, after ten days' personal notice to the adverse party, unless he be absent, or non-resident or can not be found, when service of notice may be made by publication, as in an original action, or in such manner as the court shall direct. Such leave shall not be given unless it be established by the oath of the party, or other satisfactory proof, that the judgment or some part thereof remains unsatisfied and due." Section 675, R. S. 1881.

By another section of the same act it is provided that " The court in term, or the judge thereof in vacation, shall

change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes :   *   *   *

"*Seventh.* When either party shall make and file an affidavit of the bias, prejudice, or interest of the judge before whom the said cause is pending." Section 412, R. S. 1881.

There can be no doubt that in all civil actions, the court in term, or the judge in vacation, upon the filing of a proper affidavit by the proper person and at the proper time, has no discretion, but must grant the change. The duty of the court is mandatory.

The contention, however, of counsel for the appellant is, that the proceeding at bar is not a " civil action," and that, therefore, the court below did not possess the power to grant a change from the judge.

The first section of the civil procedure act of 1881 provides that " There shall be no distinction in pleading and practice between actions at law and suits in equity ; and there shall be but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a ' civil action.' " Section 249, R. S. 1881.

It is urged that this action or proceeding is a motion only, to be heard in a summary way, and that no pleadings are contemplated or required ; that it is simply a part of the statutory system of collecting judgments by execution, and has no likeness to a " civil action."

In the case of *Plough* v. *Reeves*, 33 Ind. 181, which was a proceeding like the present, the court said :   " No pleadings are contemplated or required in a proceeding of this kind. It is a simple motion, to be heard by the court, in a summary way ; the only question being whether the judgment, or any part thereof, ' remains unsatisfied and due.' "

Afterwards the correctness of this ruling was questioned, the court remarking that if the defendant in the judgment could not plead and prove payment of the judgment, there

would be little use of giving him notice of the motion. *Reeves* v. *Plough,* 46 Ind. 350. Since then, however, the case of *Plough* v. *Reeves, supra,* has been cited with approval. *Evansville Gas Light Co.* v. *State, ex rel.,* 73 Ind. 219.

Notwithstanding the ruling that in such cases no pleadings are contemplated or required, we have cases where the issues were made up in the usual way, without objection or resistance by the parties or the court. *Kiser* v. *Winans,* 20 Ind. 428; *Verden* v. *Coleman,* 23 Ind. 49.

A work on practice and pleading under our code, which is thought worthy of frequent citation, in treating of this proceeding and subject, says : " There is no good reason why such proceedings should not be commenced, in all cases where a question of fact is presented, by a complaint in regular form, and summons issued thereon as the notice. This statute, as intimated by the Supreme Court, and others of a like kind, should be so construed as to authorize a complaint and a regular course of pleading." 1 Works Practice and Pleading, section 1064.

We adopt the view, however, that in these cases the statute does not contemplate nor require pleadings. We do not concede, however, that it therefore follows that there may not be a change from the judge.

The point is made by counsel for the appellant that this is not an original action or proceeding, but is merely a motion incidental to the original action.

The same may be said of proceedings supplementary to execution, and yet it is held that in such cases there may be a change from the judge. *Burkett* v. *Holman,* 104 Ind. 6 ; *Burkett* v. *Bowen,* 118 Ind. 379.

In section 599 of the civil procedure act of 1881, and which is one of the sections relating to proceedings supplemental to execution, it is expressly declared that after the order has been made requiring parties to appear and answer, all proceedings " shall be summary, without further plead-

ings, upon the oral examination and testimony of parties and witnesses." Section 822, R. S. 1881. .

The two cases last above cited were decided after the statute from which we have just quoted was enacted and after it took effect.

The statute for leave to issue execution, and the statute as to proceedings supplemental to execution, are alike supplementary to the main action. They are aids in the enforcement of the private right which led to the rendition of the judgment in the first instance.

In each, although the methods differ, the object is to reach the property of the judgment debtor, not exempt from execution, and make it available for the satisfaction, in whole or in part, of the judgment. In each, the order sought for may be prevented by showing that there is nothing due and unpaid. In each, witnesses are required to appear and testify orally as in other cases, and in each, there is a judgment or order of the court, as may be required by the evidence.

A complete mode of procedure, where leave is sought to issue execution, is not provided by the statute, and we must, therefore, look to the civil code, to some extent, to ascertain what would be the appropriate practice in such cases. The statute providing for leave to issue execution, unlike that relating to proceedings supplemental to execution, does not say that the proceeding " shall be summary, without further pleadings, upon the oral examination and testimony of witnesses." But it has been held by the Supreme Court, as we have seen, that in such cases no pleadings are contemplated or required, and that the motion should be disposed of in a summary way.

The Supreme Court has also decided that in a case like this the *ex parte* affidavit of the plaintiff would not be proper proof of the non-payment of the judgment, but that he should be sworn and examined orally as a witness. *Simpson* v. *Wilson*, 16 Ind. 428. The same rule would be applied to other witnesses.

It is true that section 822, relating to proceedings supplemental to execution, provides that the sufficiency of the affidavit first filed by the plaintiff may be tested by demurrer or motion to dismiss or strike out the same; but it will not be pretended that the sufficiency of the motion or application for leave to issue execution may not also be tested by motion, or in some way appropriate or practiced under the code.

We think it must be admitted that the two proceedings bear substantially the same relation to the other parts of the civil code of procedure of which they have been made a part by the law-making power.

It has been held that a proceeding by an administrator for the sale of real estate to pay debts, is a civil action in such sense that a party may have a change of judge upon a proper application. *Scherer* v. *Ingerman*, 110 Ind. 428.

In that case it is said by the court : " In many regards, the decedent's act does not provide a complete mode of procedure. That is so in relation to the proceedings by which the administrator may reach real estate for the payment of debts. Where a complete mode of procedure is not thus provided, we must look to the civil code, and apply the rules of pleading and practice provided for civil actions. To the extent that such rules of pleading and practice must be applied, the proceeding is a civil action."

A motion for leave to issue execution is not to be so summary as to prejudice in any degree a full inquiry and finding as to the rights of the parties. It would manifestly be the duty of the court to allow the latitude of practice and evidence requisite to a complete, although summary, determination of the matters involved in the motion.

We are of the opinion that the motion of appellant for leave to issue execution was so far a civil action that the court did not err in granting a change from the judge.

We are asked to reverse the case on the evidence. There was evidence tending to sustain the finding of the court.

We will not disturb a finding on the mere weight or preponderance of the evidence. This rule is well settled.

REINHARD, J., took no part in the decision of this case. Filed April 17, 1891.