Stone *v.* Stone.

---

STONE *v.* STONE.

[No. 19,588.    Filed May 27, 1902.]

JUDGMENT.—*Motion to Modify.*—A motion to modify a judgment must be addressed to the form or substance, and not to the validity, of the judgment. *p. 630.*

DIVORCE.—*Custody of Minor Children.*—*Modification of Decree.*—In divorce cases, the court has continuing jurisdiction with respect to children, and may modify its decree at any time during the minority of the children, without a specific reservation in the decree of such authority. *Sullivan* v. *Learned,* 49 Ind. 252, overruled. *pp. 629–633.*

From Sullivan Circuit Court; *W. W. Moffett,* Judge.

Suit by Della Stone against Edgar B. Stone for divorce. From an order refusing to modify the decree, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*S. Chaney* and *A. G. McNabb,* for appellant.
*J. T. Hays, W. H. Hays* and *J. S. Bays,* for appellee.

Stone *v.* Stone.

HADLEY, J.—Appellee was divorced from appellant upon her petition for failure to provide and cruel and inhuman treatment, in July, 1897. The parties had two female children, aged four and seven years, and in the decree the court awarded to the plaintiff the care and custody of the younger, and to the defendant, the older, with certain mutual rights of visitation, said custody to continue until the further order of the court. On March 20, 1900, appellant filed his petition for a modification of the order, alleging that the visiting of the children as provided in the order was an injury to their proper training and discipline, made them restless and dissatisfied, and interfered with their attendance at school, and that their best interests required a modification of the order, awarding to defendant permanently and finally the full and complete custody and control of the oldest, especially, and he asked for an order accordingly. This petition appellee answered by a general denial, and she also filed a cross-petition, averring that appellant was not a fit person to have the custody of the children, or either of them; that he has no home for them, or either of them, and is about to remove from the State, and by his rough treatment has caused great and permanent injury to the nervous system of Opal, whose custody he has had; that she (appellee) has a good and comfortable home for both of said children, is able to support and care for them, and prays the modification of said order giving to her the permanent and unconditional custody of both. After hearing the evidence, the court found for appellee on her cross-petition, and rendered the following judgment: "It is therefore ordered, adjudged, and decreed that Della Stone be, and she is hereby, given the custody, care, and maintenance of Fleeta and Opal Stone without condition. And it is further adjudged that the costs accrued in the trial of this cause, taxed at ———— dollars, be paid by the petitioner, Edgar B. Stone." The usual phrase, "until the further order of the court", was not appended. Whereupon appel-

lant filed his motion for a modification of the order upon these grounds: (1) The court had no legal authority to make a permanent order and final judgment in said cause. (2) Said judgment deprives the defendant of the right to open said cause, and for any reason question the custody of the children. (3) To modify said judgment so as to give the custody of said children to their mother "until the further order of the court." This latter motion to modify was over-ruled, which action of the court presents the only question involved in this appeal. The first two specifications are addressed to the validity of the judgment, and not to its form or substance, and are not, therefore, grounds for a motion to modify. *Chicago, etc., R. Co.* v. *Eggers,* 147 Ind. 299; *Evans* v. *State,* 150 Ind. 651, 655, and authorities cited.

It is contended by appellee that the third ground is not sufficiently specific to present any question under the decisions of this court (see *Russ* v. *Russ,* 142 Ind. 471, 473, and cases cited above) ; but assuming, without deciding, that it is, the motion was properly overruled for another reason. The legal force and effect of the judgment is precisely the same as if the words "without condition" had been omitted, and the words "further order of this court" employed. By substituting the words reserving jurisdiction for those complained of, the effect of the order would be to award to appellee the right to the exclusive custody and control of the children, and it can not be doubted that the court had the power to make such an order, if under the evidence the interest of the children required it. §1058 Burns 1901; *Stonehill* v. *Stonehill,* 146 Ind. 445. If, as alleged, appellant was cruel and immoral, without a home for the child in his care, and about to take her out of the State and jurisdiction of the court, and, on the other hand, appellee was a suitable person, able and prepared to furnish both a good home and proper training, as she claimed in her petition, the duty of the court to make the order in question was plain.

We are unable to allow the contention that under §1058 Burns 1901, jurisdiction over minor children, upon the divorcement of the parents, can only be retained by an express reservation of such jurisdiction in the final decree, and in all subsequent modifications of the judgment, by the words "until the further order of the court", or their equivalent. Under the view we have taken of the law, the words "until the further order of the court" add no legal support to the subsequent jurisdiction of the court to change the custody of such children, if their welfare demands it. Section 1058 Burns 1901 imposes upon the court, in decreeing a divorce, the duty to make provision for the guardianship, custody, support, and education of the minor children. This duty is incumbent, irrespective of the issues or wishes of the parents, and springs in large measure from the public interest in the proper training and education of the children. In determining the question, the law gives the court a free hand to award the custody to either parent, or deny it to both, according to their fitness and ability at the time of the decision. When called upon to act in so important a matter, it is the duty of the court fully to inform itself as to all matters affecting the fitness of the parents, of its own motion if need be, and, when it has reached its judgment, it will be conclusively presumed that all the known facts touching the subject were fully before the court and received just consideration. The judgment thus arrived at is a final judgment upon the facts as they existed at the time, appealable, but otherwise unassailable as other judgments. *Dubois* v. *Johnson,* 96 Ind. 6; *Joab* v. *Sheets,* 99 Ind. 328, 332; *Leming* v. *Sale,* 128 Ind. 317; Bishop Mar. & Div., 1188.

The addition of the words "until the further order of the court" does not change the legal force and effect of the judgment pronounced. If the facts have been adjudicated, and the status of children fixed thereby, such adjudication concludes both the court and the parties on the facts involved, and is in every sense final, and may be appealed from, not-

withstanding a reservation by the court of the power to change it. To give the words the force contended for would be to hold that by such an order the court has only temporarily disposed of the question and holds in abeyance the final judgment for further consideration. This would prevent appeals and work hardships to many litigants. Furthermore, a court can not rid itself of duty and jurisdiction by an announcement in a decree. Since the organization of our State government it has been the established policy of the law to regard the minor children of divorced parents as wards of the court in the same general way that minor children of deceased parents are regarded. The nurture and proper training of such children are subjects of vital interest to the State, as well as to the children themselves, and when the family has thus been broken up, and the children taken to other homes, and exposed to the mutual animosities and jealousies of their parents, and their happiness and usefulness as citizens endangered, the court granting the divorce must be deemed to have full and continuing jurisdiction, during the minority of such children, to make from time to time such orders and modifications thereof, with respect to their care, custody, and control, as are deemed expedient; the interests of society and welfare of the children, in all such inquiries, being the paramount and controlling consideration. Bishop Mar. & Div., §§1186, 1187, 1188; *Neil* v. *Neil,* 38 Ohio St. 558; *Dubois* v. *Johnson,* 96 Ind. 6; *Leibold* v. *Leibold, ante,* 60.

It is said in the Neil case that "The jurisdiction exercised in divorce cases with respect to children is continuing, and the power to modify the order in that respect may be exercised, during the minority of the children, whenever their welfare requires such modification. A reservation in the decree of authority so to modify is not essential to the exercise of such power."

The ruling in *Sullivan* v. *Learned,* 49 Ind. 252, made by a divided court,—three to two,—does not accord with our

view of the spirit of our decisions, or with our view of the legislative intent, in its failure to carry into the statute of 1852, which is still in force, the express provision of former statutes that courts, in decreeing divorces, shall make such decree for the care, etc., of minor children as seems most expedient and beneficial to the children, "and from time to time thereafter may revise and alter such decree as the benefit of the children require."

The statute of 1852 expressly confers upon the court granting the divorce, jurisdiction over the nurture, custody, and training of the minor children. This jurisdiction applies to the state of minority, and may be exercised in the same case at any time within that period. The fact that the court has rendered judgment upon one state of facts, and disposed of the children as their best interests then required, does not impair the power of the court to decide upon another state of facts, subsequently arising, which affect their welfare. *Bryan* v. *Lyon,* 104 Ind. 227, 234, 54 Am. Rep. 309. The primary object of the law in interfering with the natural rights of parents to the society of their offspring is to secure to the latter, in their tender, impressionable years, those influences which count for happiness and useful citizenship; and it seems unreasonable to say that, with this object in view, the court, having once fixed their status, and correctly and beneficially, under the facts as they then existed, shall have no power subsequently to change the order to meet changed conditions, though a continuance of the old is manifestly ruinous to the children. The death of the custodian, the failure of health and property, the change of habits and character, removals, and all those things which enter into the fitness or unfitness of the custodian, are liable to change, and without the power of modification of the order with respect to custody, very great injustice may be done both to parents and children.

We, therefore, hold that a reservation of power in the dissolution of marriage to modify the decree with respect to the

custody of minor children is not essential to a continuance of that power during minority, and, in so far as the ruling in *Sullivan* v. *Learned, supra,* is in conflict with this view, the same is overruled. We find no error in the record.

Judgment affirmed.