## JULIAN v. JULIAN.

[No. 8,820. Filed January 26, 1916.]

1. DIVORCE.—*Custody and Support of Children.*—*Modification of Degree.*—*Jurisdiction.*—*Charge of Venue.*—Under §1084 Burns 1914, §1046 R. S. 1881, authorizing the court in granting a divorce to make provision for the guardianship, custody, support and education of the minor children of such marriage, the jurisdiction of the court, in so far as the welfare of the children is concerned, continues until they become of age, so that notwithstanding §422 Burns 1914, §412 R. S. 1881, authorizing changes of venue in civil cases, there can be no change of venue from the court having such jurisdiction in a proceeding to modify the decree in relation to the custody and support of children. pp. 522, 524.

2. DIVORCE.—*Finality of Decree.*—*Custody and Support of Children.* —*Change of Venue.*—While there may be a change of venue from the county in divorce proceedings where the object of the proceedings is to secure a divorce, or settle property rights or alimony, the judgment decreeing a divorce, adjudicating the property rights and providing for alimony, is final and can be attacked only on appeal for error occurring at the trial, and the right to a change of venue does not extend to subsequent proceedings affecting the decree in relation to custody and support of children of the parties. p. 524.

3. DIVORCE.—*Custody and Support of Children.*—*Modification of Degree.*—*Knowledge of Parties.*—Parties submitting to the jurisdiction of a court in a divorce proceeding are chargeable with knowledge of the fact that such court will make such order for the support of their minor children as the condition of the parties may then warrant, that as such conditions may thereafter change the order on proper motion will be modified accordingly, and that the jurisdiction with respect to all such motions will continue in such court. p. 524.

Julian *v.* Julian—60 Ind. App. 520.

4. DIVORCE.—*Custody and Support of Children.*—*Modification of Decree.*—While an order modifying a divorce decree with respect to its provision for the custody and support of minor children, should be based on the subsequent conduct and changed conditions of the parties, the welfare of the children is the controlling consideration, and the pecuniary ability of the father must also be considered. p. 525.

5. DIVORCE.—*Custody and Support of Children.*—*Modification of Decree.*—*Evidence.*—On evidence showing that the health of a party charged with the support of minor children under a divorce decree was not as good as at the time the decree was rendered, and that his work was more arduous, and in view of the inferences the court was warranted in drawing therefrom, its order modifying the decree by reducing the weekly amounts the party was required to pay could not be disturbed. p. 525.

From Hancock Circuit Court; *Robert Williamson*, Special Judge.

Action by Orange S. Julian against Mary M. Julian. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles H. Cook, Jonas P. Walker* and *Robert L. Mason* for appellant.

*Thomas E. Glascock* and *Omer S. Jackson*, for appellee.

IBACH, C. J.—This is an action by appellee against appellant to change and modify the judgment and decree of the Hancock Circuit Court divorcing them, upon appellee's application for divorce. In the divorce decree, the court awarded the three minor children of the parties to appellant and ordered appellee to pay her, for the support of the children, fifteen dollars per week till the oldest child became eighteen years of age, ten dollars per week until the next child became eighteen years of age, and five dollars per week until the youngest child became eighteen years of age, and appellee filed this motion now under consideration in order to have the decree changed and modified by a re-

duction of the sums of money which he was to pay
for the support of the children.

Appellee in substance alleged in his verified mo-
tion to modify the judgment that he was a mail
clerk in the United States railway mail service,
that since the rendition of the decree complained of
his duties had been increased, that he had been in ill
health, and was gradually growing worse, which in-
capacitated him in part for his work, and neces-
sitated his taking medicine often, and securing med-
ical attention, and that his necessary living expenses,
combined with the amount required to be paid to
appellant for the support of his children, consume all
of his earnings, that his ill health is such that he will
be required to discontinue working at full time; in
short, that to pay the amounts imposed by the de-
cree is such a tax on his health and earning capacity
as to jeopardize his health and future earning capac-
ity, and threatens to destroy his health entirely.
He avers that the eldest son is now sixteen years old,
in good health, weighs 130 pounds, and is able to
do much towards his own maintenance. He asks
that the decree be modified so as to meet the condi-
tions set forth in his petition, and so that he will be
required to pay for the support of the oldest son two
dollars per week, and for the two youngest chil-
dren four dollars per week each until they each ar-
rive at the age of eighteen years. After hearing evi-
dence the court sustained the motion and granted
the modification of the decree as prayed.

The first question for our consideration is whether,
when on appellant's affidavit for change of venue,
the venue of the cause was changed to the
Shelby Circuit Court, that court erred in
striking the cause from the docket on motion
of appellee, and in certifying it back to the Han-
cock Circuit Court, over appellant's objection and

1.

exception, and whether the Hancock Circuit Court erred in taking jurisdiction of the cause when certified back. Appellant urges that the right to a change of venue in this case is granted by §422 Burns 1914, §412 R. S. 1881, that this is a "civil action", within the meaning of the statute, and the affidavit of appellant for change of venue was sufficient; that as the act relating to divorce proceedings makes no provision for a change of venue from the county, the general rules as to civil actions apply, citing *Evans* v. *Evans* (1886), 105 Ind. 204, 5 N. E. 24, 768; and *Jaseph* v. *Schnepper* (1890), 1 Ind. App. 154, 27 N. E. 305. However, it is provided by statute, §1084 Burns 1914, §1046 R. S. 1881, that the court in granting a "divorce, shall make provision for the guardianship, custody, support and education of the minor children of such marriage," and it is held that this jurisdiction of such court continues until such children become of age. In the case of *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86, it was said, and quoted with approval in *Keesling* v. *Keesling* (1908), 42 Ind. App. 361, 85 N. E. 837, "Since the organization of our State government it has been the established policy of the law to regard the minor children of divorced parents as wards of the court in the same general way that minor children of deceased parents are regarded. The nurture and proper training of such children are subjects of vital interest to the State, as well as to the children themselves, and when the family has thus been broken up, and the children taken to other homes and exposed to the mutual animosities and jealousies of their parents, and their happiness and usefulness as citizens endangered, the court granting the divorce must be deemed to have full and continuing jurisdiction, during the minority of such children, to make from time to time such or-

ders and modifications thereof, with respect to their care, custody, and control, as are deemed expedient; the interests of society and welfare of the children, in all such inquiries, being the paramount and controlling consideration. * * * The statute of 1852 expressly confers upon the court granting the divorce jurisdiction over the nurture, custody, and training of the minor children. This jurisdiction applies to the state of minority, and may be exercised in the same case at any time within that period. The fact that the court has rendered judgment upon one state of facts, and disposed of the children as their best interests then required, does not impair the power of the court to decide upon another state of facts, subsequently arising, which affect their welfare."

In other than divorce proceedings, judgments, orders and decrees, after the close of the term of court, are final. *Cauthorn* v. *Bierhaus* (1909), 44 Ind. App. 362, 88 N. E. 314. In divorce proceedings, the judgment decreeing the divorce, and adjudicating the property rights, and providing for alimony, is final and can only be attacked on appeal for error occurring at the trial. Motions to modify, such as we have here, are governed by the divorce law. There may be a change of venue from the county in divorce proceedings where the object of the proceedings is to secure a divorce, or settle property rights or alimony. *Evans* v. *Evans, supra.* But when a court makes an order concerning the custody, care and control of minor children, under the authority of §1084 Burns 1914, *supra*, that court continues its jurisdiction of such children until they come of age, and with such jurisdiction may change its order, or make new orders, if the welfare of the children requires it. A change of venue

from the jurisdiction of such court over such children is not provided for, and is not contemplated, and is in effect denied by the provision of the statute for continuing jurisdiction. When the parties to the divorce proceeding submitted themselves to the jurisdiction of the Hancock Circuit Court they are charged with knowledge of the fact that the court would make such order for the support of the minor children as the conditions of the parties then warranted, and that as the conditions might change the court would on proper motion make such order as the changed conditions would justify and once having submitted themselves to the jurisdiction of such court, that jurisdiction continued with reference to all such motions as the one under consideration. There was no right to a change of venue from the county in the present case, and the Hancock Circuit Court had jurisdiction of the motion. See *Hopkins* v. *Hopkins* (1876), 40 Wis. 462; *Bacon* v. *Bacon* (1874), 34 Wis. 594, as generally supporting our holding.

The next question arises under the motion for new trial, and is as to whether the evidence shows such a changed condition as to support the modification allowed. "Whatever modification is made in the order of the court as to the care, custody, and nursing of the minor child or children must be based upon the conduct or changed circumstances of the parties subsequent to the order made in the divorce case." *Tobin* v. *Tobin* (1902), 29 Ind. App. 382, 64 N. E. 624. The welfare of the children is the controlling consideration. *Stone* v. *Stone, supra.* The pecuniary ability of the father is also an element to consider. *Cox* v. *Cox* (1865), 25 Ind. 303. There was evidence substantially supporting the averments of appellee's motion to modify. This tended to show

that appellee's health was not as good as at the time the decree was granted, and that his work was more arduous. The court might have inferred therefrom that the payment of the amount decreed imposed on him such a heavy burden that in meeting it he was endangering his future earning capacity, and that if such burden were continued, his earning capacity might be destroyed, and he would then be unable to contribute anything to the support of his children. With this view, we can not say that the court erred in rendering its decree modifying the original order, or that its decision was not supported by the evidence. Judgment affirmed.

. Note.—Reported in 111 N. E. 196. As to who has the right to the custody of the children, see 2 Am. St. 183. On the father's liability for support of children as affected by decree awarding custody to mother, see 2 L. R. A. (N. S.) 851. See, also, under (1) 14 Cyc 810; 40 Cyc 120, 121; (3) 14 Cyc 810, 813; (4) 14 Cyc 811, 813.