MENDENHALL *v.* STATE OF INDIANA.

[No. 23,565.   Filed March 9, 1920.]

EMBEZZLEMENT.—*Deeds.*—*"Other Property or Articles of Value."*— *Ejusdem Generis.*—A deed could not be the subject of embezzlement within the meaning of §2285 Burns 1914, Acts 1905 p. 584, §392, making "money, coin, bills, notes, credits, choses in action or other property or article of value" the subjects of such offense,

since, a deed does not belong to any of the classes specifically enumerated and the words "other property or articles of value" indicate only property or articles *ejusdem generis.*

From Marion Criminal Court (49,061); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Olin Mendenhall. From a judgment of conviction, the defendant appeals. *Reversed.*

*Alfred R. Hovey, John F. Neal* and *Charles Mendenhall,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the state.

TOWNSEND, C. J.—Appellant was charged, together with one Anna E. Pitt, by affidavit in three counts. The first charges larceny of a deed, and the second and third charge embezzlement of this deed. In each count the deed is set out. The court overruled appellant's motion to quash each count. The trial was by court, and appellant was found guilty on the third count.

Section 2285 Burns 1914, Acts 1905 p. 584, §392, on which the second and third counts were based, provides that: "Every officer, agent, attorney, clerk, servant or employe of any person, etc.,    *    *    * who, having access to, control or possession of any money, article or thing of value, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete or in any way whatever appropriate to his own use, or to the use of others, or who shall knowingly permit any other person to take, purloin, secrete or in any way appropriate to his own use, or the use of others, any *money, coin, bills, notes, credits, choses in action* or other property or article of value, etc."

It will be observed that a deed does not belong to any of the classes indicated by the words above italicized. These classes are not enlarged by the words "or other property or article of value." The only thing that is indicated by "other property or article of value" is property or articles *ejusdem generis.* Therefore the court should have sustained appellant's motion to quash both the second and third counts of the affidavit.

The first count of the affidavit, charging larceny of the deed, is sufficient, so far as appellant is concerned, and the court did not err in overruling the motion to quash this count.

For the errors above indicated, the judgment is reversed, with instructions to grant appellant a new trial, and to sustain appellant's motion to quash the second and third counts of the affidavit.

Harvey, J., absent.