GENTRY *v.* STATE OF INDIANA.

[No. 28,055.   Filed June 20, 1945.]

*Hunter J. Von Leer,* of Terre Haute, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

YOUNG, J.—Appellant was tried on an affidavit charging him with receiving stolen goods, consisting of automobile tires and an automobile jack which, it was alleged, were the property of and had been stolen from Sears, Roebuck & Company.

It was contended at the trial, and is earnestly argued in this court, that the property involved had not been stolen, but had been embezzled, and that therefore there was a fatal variance between the charge in the affidavit and the proof.

Appellant was a second-hand automobile dealer, and there was uncontradicted evidence that he received the tires and jack from one Lusk upon agreement of appellant to sell them and divide the proceeds with Lusk. Lusk was employed by Sears, Roebuck & Company in its tire and auto accessories department in Terre Haute, Indiana. He was in charge of this department, under the store manager. Lusk testified he was responsible for the inventories and stock that was used in his department. The store manager testified he was "charged with the clearance of his department." He was also a salesman. He had access to and possession of merchandise in his department, including tires and auto jacks. The tires and auto jack described in the affidavit came into his possession as such agent and employee and he appropriated them to his own use during, or at the close of business hours, and in the evening delivered them to appellant.

It is true that Lusk testified that he "stole" the merchandise described in the affidavit from Sears, Roebuck & Company, but this was only the conclusion of a layman and is without probative value as to the exact offense committed by Lusk. In our opinion only one reasonable inference can be drawn from the facts in this case and that is that the merchandise, described in the affidavit, was embezzled, not stolen, by Lusk.

The State further argues that there cannot be embezzlement of chattels under the Indiana Statute and they cite the case of *Mendenhall* v. *State* (1920), 189 Ind. 175, 126 N. E. 434, in support of this contention. In

that case it was charged in the second and third counts of an affidavit that the defendant had embezzled a deed. This court quotes from the statute (§ 10-1704, Burns' 1933), as follows:

"Every officer, agent, attorney, clerk, servant or employe of any person, etc., . . . who, having access to, control or possession of any MONEY, ARTICLE OR THING OF VALUE, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete or in any way whatsoever appropriate to his own use, or to the use of others, or who shall knowingly permit any other person to take, purloin, secrete or in any way appropriate to his own use, or the use of others, any *money, coin, bills, notes, credits, choses in action* or other property or article of value, etc."

and observes that a deed does not belong in any of the classes indicated by the italicized words. The court then applies the rule *ejusdem generis* and holds that the classes indicated by the italics are not enlarged by the words "or other property or article of value" immediately following and that a deed, therefore, is not subject to embezzlement. The court does not consider the words quoted in capital letters. The rule *ejusdem generis* does not apply to these words and they indicate an intention of the legislature not to eliminate chattels from the application of the statute. The application of the statute to chattels was not involved in the Mendenhall case, and therefore was not decided.

The court in deciding the Mendenhall case did not refer to, or apparently take into account at all, the case of *State* v. *Wingo* (1883), 89 Ind. 204, where the defendant had been indicted for larceny of two mules. The evidence showed that while defendant was legally in possession of the mules he sold them. At the time there was an embezzlement statute substantially the same as the present statute, and the court held that the

evidence brought the case clearly within the provisions of the embezzlement statute and not within the larceny statue.

The present embezzlement statute is a part of the criminal code which was adopted by our legislature in 1905. (Acts of 1905, ch. 169, p. 584). The criminal code repealed the pre-existing statute upon embezzlement and by § 392, page 671, enacted the present statute. The present statute, so far as the questions in this case are concerned, is the same as the pre-existing statute. The pre-existing statute had been construed in the Wingo case as covering embezzlement of chattels. When the legislature, in 1905, used the words of the old statute, it likewise adopted the judicial interpretation of that statute to the effect that chattels are within its purview. 50 Am. Jur. 314, and many cases cited in note 5.

In our opinion the embezzlement of chattels constitutes an offense under § 10-1704, Burns' 1942 Replacement. Under § 10-3017, Burns' 1942 Replacement, it is an offense not only to receive stolen goods but also to receive embezzled goods. So by proper affidavit appellant could have been prosecuted for receiving the goods described.

The affidavit charged receipt of stolen goods. The evidence showed receipt of embezzled goods. There was, therefore, a variance which requires reversal. *Vinnedge* v. *State* (1906), 167 Ind. 415, 420, 79 N. E. 353; *Jones* v. *State* (1877), 59 Ind. 229, 234.

Having so held the other questions presented by appellant need not be decided. The judgment is reversed with instructions to grant appellant's motion for a new trial and further proceedings consistent with this opinion.

Note.—Reported in 61 N. E. (2d) 641.