STATE EX REL. BUTCHER *v.* GREENE CIRCUIT COURT, LONG, JUDGE.

[No. 30,508. Filed January 28, 1964.]

*Hastings & Allen* and *Philip D. Waller,* both of Washington, for relator.

*Edwin B. Long, pro se.*

*Horace R. Karsell,* of Bloomington and *John O. Moomaw,* of Bloomfield, for respondent.

ACHOR, J.—Relator has filed an original action in this court, asking that a writ of mandate issue against the respondent.

The circumstances giving rise to this action are as follows:

1. Barbara Jean Butcher obtained a divorce from Jerry Keith Butcher on April 19, 1962, in the Monroe Circuit Court and was granted custody of their minor child.

2. On July 9, 1963, Jerry Keith Butcher filed a petition in the Monroe Circuit Court asking modification of

the order granting custody of said child. The action was brought pursuant to Acts 1961, ch. 170, §1, p. 380, being §3-1219, Burns' 1963 Supp.

3. Thereafter, upon petition of Barbara Jean Butcher, and upon agreement of the parties, the venue of the cause was changed to the Greene Circuit Court, in which court both parties addressed pleadings to the action.

4. Thereafter, Jerry Keith Butcher filed a motion to certify the cause back to Monroe Circuit Court, which motion the respondent sustained and ordered said cause remanded to the Monroe Circuit Court.

In this action this court has been asked to issue a writ of mandate directing the respondent to reassume and continue its jurisdiction in the case and to set aside and expunge from its record the order remanding the cause to the Monroe Circuit Court. We issued an alternative writ.

An examination of the authorities on the subject lead to the conclusion that the Monroe Circuit Court, where the decree for divorce was entered, was the proper forum for determining matters pertaining to the custody and support of the child of the parties.

In the early case of *Stone* v. *Stone* (1902), 158 Ind. 628, at p. 632, 64 N. E. 86, this court considered the issue, in part, as follows:

". . . The nurture and proper training of such children are subjects of vital interest to the State, as well as to the children themselves, and when the family has thus been broken up, and the children taken to other homes, and exposed to the mutual animosities and jealousies of their parents, and their happiness and usefulness as citizens endangered, *the court granting the divorce must be deemed to have full and continuing jurisdiction,*

*during the minority of such children, to make from time to time such orders and modifications thereof,* with respect to their care, custody, and control, as are deemed expedient; the interests of society and welfare of the children, in all such inquiries, being the paramount and controlling consideration. Bishop Mar. & Div., §§1186, 1187, 1188; *Neil* v. *Neil,* 38 Ohio St. 558; *Dubois* v. *Johnson,* 96 Ind. 6, *Leibold* v. *Leibold,* ante, 60."

In later cases, the Appellate Court, on the basis of *Stone* v. *Stone, supra,* has held that it had the effect of denying to the parties the right to a change of venue from the county, with regard to petitions filed with respect to the care and custody of children of divorce.

In 1916 the Appellate Court stated:

". . . There may be a change of venue from the county in divorce proceedings where the object of the proceedings is to secure a divorce, or settle property rights or alimony. *Evans* v. *Evans, supra.* But when a court makes an order concerning the custody, care and control of minor children, under the authority of §1084 Burns' 1914, *supra,* that court continues its jurisdiction of such children until they come of age, and with such jurisdiction may change its order, or make new orders, if the welfare of the children requires it. A change of venue from the jurisdiction of such court over such children is not provided for, and is not contemplated, and is in effect denied by the provision of the statute for continuing jurisdiction. . . ." *Julian* v. *Julian* (1916), 60 Ind. App. 520, 524-525, 111 N. E. 196.

In a later case, the Appellate Court stated:

". . . The above section of the statute in no way conflicts with, or changes the force of, §1084 Burns' 1914, §1046 R. S. 1881. The jurisdiction over the said child still remains in the same court. It simply authorizes a change as to the judge who shall hear and determine the matters in contro-

versy. . . ." *Rhinehalt* v. *Rhinehalt* (1920), 73 Ind. App. 211, 214, 127 N. E. 10.

It is further to be observed that §3-1219, *supra*, was re-enacted in 1961, with the single amendment which authorized the court to make provision for the college education of the children of divorced parents. Under these circumstances, it must be assumed that the legislature intended that the law pertaining to the venue of actions, as construed by the courts in the above cited decisions, continue in effect. *State ex rel. Matheny* v. *Probate Ct. of Mar. Co.* (1959), 239 Ind. 518, 159 N. E. 2d 128; 82 C. J. S., §370, pp. 848-851;[1] *Boone* v. *Smith* (1948), 225 Ind. 617, 77 N. E. 2d 357; *Gentry* v. *State* (1945), 223 Ind. 459, 61 N. E. 2d 641; *Heffner* v. *White* (1943), 221 Ind. 315, 47 N. E. 2d 964.

It is argued that, notwithstanding the continuing jurisdiction of the Monroe Circuit Court over the subject-matter, the respondent court acquired jurisdiction by reason of the agreement of the parties to the change of venue from the county and of their filing pleadings in that court in the action. While the parties, by their conduct, might be held to have waived their right to question the venue of the Greene Circuit Court, it is, nevertheless, the right of the Greene Circuit Court, on its own motion, to consider the question of its jurisdiction in the case and, if it finds that, within the clear contemplation of the law, jurisdiction

---

1. "The legislature is presumed to have been familiar with the judicial construction, and to have adopted it as a part of the law, where a statute which has been construed by the courts of last resort has been reenacted in the same terms, or where a statute so construed has been reenacted in substantially the same terms, according to the authorities on the question, unless a contrary intent clearly appears, or a different construction is expressly provided for; . . ." 82 C. J. S., §370, pp. 848-851.

over the case should have remained in another court from which it has been transferred, it may remand the case to the court properly authorized to exercise such jurisdiction.

. For the reasons above stated, the alternative writ of mandate requested is denied.

Landis, C. J., Arterburn, Jackson and Myers, JJ., concur.

NOTE.—Reported in 195 N. E. 2d 776.