STATE OF INDIANA EX REL. BEINEKE v. LITTELL, JUDGE,
SUPERIOR COURT OF MORGAN COUNTY.

[No. 31,031. Filed October 20, 1966. Rehearing denied
November 22, 1966.]

*Inezellen Bales, Robert H. Orbison,* and *Baker and Orbison,* of Indianapolis, for relator.

*Noble K. Littell,* pro se, and *Sam J. Kagan,* of Martinsville, for respondent.

ARTERBURN, J.—This is a case involving the custody of a minor boy aged ten years and concerns a conflict in jurisdiction of two courts, the Superior Court of Marion County, Room 4 and the Superior Court of Morgan County. The facts are not seriously in dispute.

It appears that John David Hobbs, Jr., the boy involved, was born April 25, 1956 and that approximately eleven months thereafter his mother, the relatrix, Barbara Jean Beineke, brought him to the home of Mr. and Mrs. Millard Crane in Morgan County for care and attention. Mrs. Crane is either the mother or grandmother of the relatrix. The record is ambiguous on this point. In December, 1961 the Superior Court of Marion County, Room 4 granted a divorce to the parents of the boy and placed his custody with the mother, the relatrix herein. The father disappeared from the scene and was last heard of in some western state.

Since March, 1957 when John was eleven months old, he has remained in the Crane home except for brief visits with his mother. He has spent the last nine years under the supervision, direction, care and custody of Mr. and Mrs. Crane, who supported him, nursed him through sickness and cared for and watched over him during his babyhood. On September 4, 1963 the mother signed a written "Consent and Waiver" as follows:

"STATE OF INDIANA \
COUNTY OF MORGAN \} SS: In the Morgan Superior Court Cause No. S63 G4

IN THE MATTER OF THE
GUARDIANSHIP OF
JOHN DAVID HOBBS

### CONSENT AND WAIVER

The undersigned, Barbara Jean Hobbs, mother of the above named minor child, does hereby waive the notice of petition and requests that Millard Crane be appointed as such guardian.

SIGNED: *Barbara Jean Hobbs*
Barbara Jean Hobbs

Sworn and subscribed to before me this 4th day of September, 1963.

SIGNED: *William H. Wehrle*
Notary Public

My Commission Expires:
14th day of April, 1965
(SEALED)"

On September 6, 1963, upon a petition filed for the appointment of a guardian for John, the Superior Court of Morgan County held a hearing and made a finding upon the verified petition, and appointed Mr. Millard Crane to act as guardian of the person of the minor, John David Hobbs, Jr.

It next appears that nearly three years later, on June 14, 1966, the mother came to Morgan County and forcibly took the boy with her to Indianapolis. She had been recently remarried. As so often happens, she wanted to recover her child, even though in doing so it would result in breaking

strong ties of love and affection that had grown up through the years and after the child had become acclimated to his youthful environment. Two days later, on June 16, 1966, she went into the Morgan Superior Court (the respondent) and filed a "Petition to Dissolve the Guardianship," alleging that the original consent and waiver by her was given through error and merely to give the child the right and privilege of attending school in Morgan County. It also alleged that "conditions have changed and John David Hobbs, a Minor, is living with his mother and natural guardian at Speedway, Indiana, and there is no longer a need for guardianship."

It will be noted that no allegation was made that the Morgan Superior Court lacked jurisdiction of the original guardianship proceedings. The relatrix and petitioner, Barbara Jean Beineke, asked the court, as part of its jurisdiction, to determine the matter of changed conditions and the validity of the consent and waiver. The court accordingly heard the matter on July 5, 1966 and entered an order continuing the guardianship and placed the custody of the boy "with his grandparents, Mr. and Mrs. Crane except for spending half of his summer vacation with his mother in Indianapolis, all until further order of the court."

Under an answer filed by Millard Crane, guardian, many of the facts heretofore stated were alleged, and it was further set forth that all the physical and spiritual needs of the ward, through sickness and health, were watched over and taken care of by the guardian and his wife, and that they had strong attachments of love and affection for the boy, which was reciprocated; that the mother had never contributed to the support of John, although she was gainfully employed, and showed little interest in the physical or spiritual needs of her son; that the Cranes have substantial real and personal property and are fully able to take care of and support and provide for the ward, while the mother and his stepfather are heavily indebted and unable to provide an adequate and secure home for the child.

The court thus had placed before it for determination, what was best for the welfare and interest of the child, which we have stated many times is the paramount issue involved and which should outweigh the desires or wishes of the parents and relatives. See: *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N. E. 2d 571, and cases cited therein.

The solution to the problem here presented would be quite simple were it not for the consent and waiver given many years ago by the natural mother, relatrix in this case, and the acquiescence therein by her for many years. We have said many times that the court granting the divorce and fixing the custody of the children has continuing jurisdiction thereof.

Acts 1873, ch. 43, § 21, p. 107; as amended in Acts 1961, ch. 170, § 1, p. 380; as amended in Acts 1965, ch. 57, § 1, p. 88, being Burns' Ind. Stat. Anno. § 3-1219 (1966 Supp.); *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243.

However, a court may lose jurisdiction of the subject-matter to another court where the parties sleep on their rights or acquiesce or consent to the jurisdiction of another court which has jurisdiction of the subject-matter. The Superior Court of Morgan County has the same jurisdiction of the subject-matter of guardianships and the custody of children as that of the Marion Superior Court Room 4.

"Jurisdiction of the subject matter does not mean jurisdiction of the particular case then before the court, but is found in jurisdiction over the class of actions to which the particular case belongs." 7 I. L. E., *Courts*, § 4, p. 411.

The Superior Court of Morgan County had jurisdiction of this type of cases and the relatrix-mother came into that court on petition, asking the court to determine the matter of cus-

tody.[1] The court heard the matter and made a decision; in fact, modified the prior custody order to the extent that the mother could have the custody of the child part of the summertime. It is implicit in the court's finding that the waiver was given freely and knowingly and not, as the mother alleged, merely for school purposes. These were questions of fact found against her by the Morgan Superior Court, to which she petitioned to decide such issues. Dissatisfied, however, with that court's decision, she went into the Marion Superior Court, Room 4 and asked for a restraining order and a citation for contempt against the Cranes for interfering with her forcibly taking and retaining the custody of the child.

Relatrix raised no question of jurisdiction of the Morgan Superior Court until August 9, 1966 following the denial of her petition to dissolve the guardianship by the Morgan Superior Court fixing the custody of the boy with the Cranes.

Acts 1881 (Spec. Sess.), ch. 38, § 89, p. 240; as amended in Acts 1911, ch. 157, § 3, p. 415, being Burns' Ind. Stat. Anno. § 2-1011 (1946 Repl.) provides that:

> ■ "The objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived."

Here we point out it was the relatrix who petitioned the Morgan Superior Court to assume jurisdiction and change the custody. She asked the Morgan Superior Court, after it had assumed jurisdiction, to continue to exercise its jurisdiction

---

1. The relatrix cites the case of *State ex rel. Butcher* v. *Greene Circuit Court* (1964), 245 Ind. 1, 195 N.E. 2d 776, on the proposition that parties may not agree to grant another court jurisdiction which does not have jurisdiction in the first instance. We point out, however, that the court said in that case: "While the parties by their conduct might be held to have waived their right to question the venue of the Greene Circuit Court, it is nevertheless the right of the Greene Circuit Court on its own motion to consider the question of its jurisdiction in the case and if it finds that within the clear contemplation of the law, jurisdiction over the case should have remained in another court from which it had been transferred, it may remand the case to the court properly authorized to exercise such jurisdiction."

and modify the custody order. When the court found against her, she then challenged its jurisdiction for the first time. Relatrix may not "have her cake and eat it," so to speak. We find, therefore, that the relatrix is in no position to question the jurisdiction of the Morgan Superior Court in the matter of the guardianship and custody of the boy, John David Hobbs, Jr. Under the circumstances, the respondent, Superior Court of Morgan County had jurisdiction in this case, and relatrix is not entitled to a writ of prohibition against the respondent court.

The temporary writ heretofore issued is dissolved and the permanent writ of prohibition is denied.

The clerk is directed to certify this opinion and judgment to the respondent court immediately.

Rakestraw, C. J., and Myers, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 220 N. E. 2d 521.