THEODORE PUND *v.* VIRGINIA KAY PUND.

[No. 1-876A139. Filed November 29, 1976.]

*Gerald R. Thom,* of Jasper, for appellant.

*Howard B. Lytton, Jr.,* of Jasper, for appellee.

ROBERTSON, C.J.—Appellant Theodore Pund's (father) petition for a change of child custody was dismissed for lack of subject-matter jurisdiction. On appeal Pund contends that the trial court's decision was in error.

Pund sought to modify a dissolution of marriage decree under which his former wife, respondent-appellee Virginia Kay Pund, (mother) obtained custody of their two daughters. The decree was entered by Spencer Circuit Court on July 18, 1974. The father filed his petition, requesting full time custody of the children, on January 2, 1976, in Dubois Circuit Court. Both parties apparently had moved and were at this time residents of Dubois County.

The record discloses that the mother filed two motions to dismiss. Her first motion, filed on January 28, 1976, asserted lack of jurisdiction over the person. The trial court initially sustained the motion but later, in response to the father's Motion to Correct Errors, concluded that it had personal jurisdiction. Thereafter, on April 23, 1976, the mother filed another motion to dismiss based on lack of subject-matter jurisdiction. This motion was sustained and the father's appeal followed.

The trial court treated the motion to dismiss for lack of subject-matter jurisdiction as raising the following issue: whether Dubois Circuit Court had *jurisdiction* to modify a child custody order entered by Spencer Circuit Court. The trial court found that the 1973 Dissolution of Marriage Act, IC 31-1-11.5-1 *et seq.* (Burns Code Ed., Supp. 1976), did not change prior Indiana law under which the original divorce court retained continuing jurisdiction to later change or modify a custody award. The father argues that the continuing jurisdiction of Spencer Circuit Court is not exclusive

and that IC 31-1-11.5-20 (Burns Code Ed., Supp. 1976) establishes an alternative procedure by which the appropriate court in the county where one of the parties resides can exercise concurrent jurisdiction in such proceedings.

We are compelled to hold, however, that the trial court's ruling on this question as one of subject-matter jurisdiction is in error. The proper forum for modifying a child custody order relates to venue, not subject-matter jurisdiction.

Subject-matter jurisdiction is defined as jurisdiction of the general class of actions to which the particular case belongs. *Farley* v. *Farley* (1973), 157 Ind. App. 385, 300 N.E.2d 375, 382-83. The geographical location where the particular case should be tried is strictly a matter of venue. *State ex rel. Dean et al.* v. *Tipton Circuit Court* (1962), 242 Ind. 642, 181 N.E.2d 230, 235.

With respect to the general class of actions of child custody proceedings, Dubois Circuit Court most assuredly has the power to act under IC 1971, 33-4-4-3 (Burns Code Ed.). The trial court therefore did not lack jurisdiction over the subject-matter of this cause.

The cases under our prior divorce statute which emphasized the divorce court's *continuing jurisdiction* used the term specifically in connection with venue or jurisdiction over the particular case. *See: State ex rel. Beineke* v. *Littell* (1966), 247 Ind. 686, 220 N.E.2d 521; *State ex rel. Butcher* v. *Greene Circuit Court* (1964), 245 Ind. 1, 195 N.E.2d 776; *Julian* v. *Julian* (1916), 60 Ind. App. 520, 111 N.E. 196. Furthermore, our Rules of Civil Procedure, TR. 75 (A) and (D), now provide that no rule granting power to a particular court in a particular case shall be regarded as a jurisdictional requirement. *See* 4 Harvey Indiana Practice, p. 529 *et seq.* The filing of a case in the wrong county clearly does not deprive the trial court of jurisdiction to entertain

the subject-matter. *State ex rel. Knowles* v. *Elkhart Circuit Court* (1971), 256 Ind. 256, 268 N.E.2d 79 (failure to file divorce proceedings in court of preferred venue).

If an action is commenced in the wrong court or in a county without preferred venue, the injured party may raise the issue by answer or motion pursuant to TR. 12. See: TR. 75(A). The remedy is an order transferring the case to the proper court as prescribed by TR. 75(B). Where a timely and specific objection is not made, the issue is waived and the court in which the action is filed hears and determines the case. *State ex rel. Knowles* v. *Elkhart Circuit Court, supra.*

Accordingly, Dubois Circuit Court has jurisdiction over the subject-matter of this petition in the absence of an objection to improper venue.

We therefore reverse the decision of the trial court and remand the case for further proceedings consistent herewith. Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 357 N.E.2d 257.