STATE OF INDIANA EX REL. BARRY GREEBEL, A/K/A BARRY GORDON *v.* J. PATRICK ENDSLEY, JUDGE, AND THE MARION CIRCUIT COURT.

[No. 478S72. Filed August 11, 1978.]

*Ronald E. Elberger,* of Indianapolis, for relator.

*Stephen K. Smith, Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for respondents.

GIVAN, C.J.—On February 1, 1978, Marilyn Greebel filed an action in the Marion Circuit Court to enforce a support order entered pursuant to a Pennsylvania divorce decree. The respondent, Barry Greebel, subsequently moved for a change of venue from the county. The motion was denied on March 27, 1978. He then sought a writ of mandate and prohibition in this Court to compel the trial court to grant his motion for change of venue. On April 26, 1978, this Court denied a temporary writ. The sole question in this case is whether the trial court was required to grant a change of venue.

The Uniform Reciprocal Enforcement of Support Act was adopted in this State in 1961. Its purpose is to "improve and extend by reciprocal legislation enforcement of duties of support and to make uniform the law with respect thereto." IC § 31-2-1-1 [Burns 1973]. The Act requires the court to conduct the proceedings "in the manner prescribed by law for an action for enforcement of the type of duty of support claimed." IC § 31-2-1-19 [Burns 1973]. Once the court confirms the support order, such order has the same effect and may be enforced as if originally entered in this State. The procedures for enforcement are the same as in other orders for payment of alimony, maintenance or support entered in Indiana. IC § 31-2-1-37 [Burns 1973]. Thus, under the Act, the foreign support order when confirmed by an Indiana court, becomes for all intents and purposes an Indiana support order. In enforcement of support or modification orders, it has long been the rule in Indiana that a change of venue is not permitted. *State ex rel. Butcher* v. *Greene Cir. Ct.,* (1964) 245 Ind. 1, 195 N.E.2d 776; *Linton* v. *Linton,* (1975) 166 Ind. App. 428, 339 N.E. 2d 96.

Relator argues that an action under the Uniform Act can-

not be deemed proceedings supplemental and that it really is a new and independent cause of action for which a change of venue should be permitted. However, we perceive such a cause of action to be sufficiently analogous to proceedings supplemental as to prohibit a change of venue. The Uniform Act was designed to facilitate the *enforcement* of foreign support orders. The parties are the same as in the original proceeding. Although the validity of the foreign order must first be confirmed, this does not change the essential character of the proceeding; that is, to enforce the prior support order. Under such circumstances, no change of venue should be permitted. See Harvey & Townsend, 4 Ind. Prac., p. 470.

The trial court did not err in overruling the motion for change of venue. The petition for a writ of mandate and prohibition is therefore denied.

DeBruler, Pivarnik and Prentice, JJ., concur; Hunter, J., votes to grant.

NOTE.—Reported at 379 N.E.2d 440.