**Don CLAYCOMB, Appellant–Defendant,**

v.

**Gary SIMPSON, Appellee–Plaintiff.**

**No. 62A01–9103–CV–73.**

Court of Appeals of Indiana,
First District.

June 12, 1991.

Michael C. Keating, Laurie Baiden Bumb, Evansville, for appellant-defendant.

W. Alan Bradley, Waldschmidt & Werner, Cannelton, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Don Claycomb filed this interlocutory appeal to challenge the denial of his motion to dismiss the breach of contract action brought by Gary Simpson. We affirm.

## ISSUE

Did the trial court improperly deny the motion to dismiss alleging improper venue under Ind.Trial Rule 75?

## FACTS

On July 31, 1990, Simpson entered into an agreement to buy a 1976 Case Model 450B bulldozer from Claycomb for $10,000. On September 25, 1990, Simpson filed a complaint against Claycomb in Perry County. Claycomb was served the complaint via certified mail. The complaint that alleged Claycomb breached several warranties and that Claycomb fraudulently misrepresented the year and model of the bulldozer, its quality, fitness, and operability. Simpson seeks lost profits and attorney's fees. Additionally, Simpson obtained repairs and replaced the engine; therefore, he also requests reimbursement for the costs of repairs.

On November 5, 1990, Claycomb filed a motion to dismiss pursuant to Ind.Trial Rule 12(B)(3), contending Vanderburgh County is the county of preferred venue. On February 13, 1991, the trial court denied the motion to dismiss. Claycomb pursued this interlocutory appeal.

## DISCUSSION AND DECISION

Claycomb contends that pursuant to T.R. 75(A)(1), Vanderburgh County is the county of preferred venue., and the trial court erred in denying the motion to dismiss based upon Ind.Trial Rule 12(B)(3). Simpson argues the denial of the motion to

dismiss is proper because Claycomb's motion was untimely filed.

T.R. 75(A) provides: "The pleading or motion permitted by this rule must be filed within the time prescribed for the party making it by Rules 6 and 12 and any other applicable provision of these rules." T.R. 12 guides us to T.R. 6 to compute the time for filing the 12(B)(3) motion. T.R. 6(C) prescribes a twenty-day period after service of the prior pleading for filing a 12(B)(3) motion. An additional three days is added to the twenty-day period when service of the prior pleading was made by mail. *See* T.R. 6(E). Claycomb thus had 23 days to file a 12(B)(3) motion following the service of the complaint by certified mail.

The complaint was filed on September 25, 1990. The 23 day period expired on October 18, 1990. Claycomb did not file the 12(B)(3) motion until November 5, 1990.

Where a timely objection to venue is not made, the issue is waived and the court properly denied the motion to dismiss. *State ex rel. Ind. Life v. Superior Court of Marion County* (1980), 272 Ind. 421, 426, 399 N.E.2d 356, 359; *Pund v. Pund* (1976), 171 Ind.App. 347, 350, 357 N.E.2d 257, 259. Claycomb waived the venue issue, and the court properly denied the untimely 12(B)(3) motion.

Affirmed.

ROBERTSON and SULLIVAN, JJ., concur.